BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELENA HADJIMICHAEL (*pro hac vice*)
elena.hadjimichael@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

SUSANNAH BENJAMIN (*pro hac vice*)
susannah.benjamin@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
175 Greenwich Street
New York, NY 10007
Telephone: (212) 277-4000

*Attorneys for Defendants Roblox Corporation,
David Baszucki, Michael Guthrie,
and Craig Donato*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEKALB COUNTY PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBLOX CORPORATION, et al., <br><br> Defendants. | Case No.: 3:23-cv-06618-RS <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** <br><br> Date:      October 31, 2024 <br> Time:      1:30 p.m. <br> Location:  Courtroom 3 – 17th Floor <br> Judge:     Hon. Richard Seeborg |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.................................................................................................2

TABLE OF ABBREVIATIONS.........................................................................................4

ARGUMENT......................................................................................................................1

    I. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE.........1

        A. SEC Filings............................................................................................................1

        B. Earnings Call Transcript......................................................................................3

        C. Analyst Report......................................................................................................3

    II. THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION....................3

        A. SEC Filings............................................................................................................3

        B. Earnings Call Transcript......................................................................................5

        C. News Articles and Other Public Materials...........................................................5

        D. Price Data of Publicly Traded Companies..........................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

*In re Astra Space, Inc. Sec. Litig.*,
   2023 WL 4983156 (N.D. Cal. Aug. 2, 2023) ………………………………………..……... 3

*In re Finisar Corp.*,
   542 F. Supp. 2d 980 (N.D. Cal. 2008) ………………………..…………………..……... 6

*Homyk v. Chemocentryx, Inc.*,
   2023 WL 3579440 (N.D. Cal. Feb. 23, 2023) …………………………..…………..……... 6

*Huei-Ting Kang v. Paypal Holdings, Inc.*,
   620 F. Supp. 3d 884 (N.D. Cal. 2022) …………………………..…………………....…… 1, 6

*In re Intel Corp. Sec. Litig.*,
   2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) ………………………………..…….…… 3

*Jedrzejczyk v. Skillz Inc.*,
   2022 WL 2441563 (N.D. Cal. July 5, 2022) …………………..……..………….…..…… 1

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ………………………………………………………..….…… 1

*Kim v. Advanced Micro Devices, Inc.*,
   2019 WL 2232545 (N.D. Cal. May 23, 2019) …………………………..…………….…… 6

*Kipling v. Flex Ltd.*,
   2020 WL 7261314 (N.D. Cal. Dec. 10, 2020) ………………………………………..…… 5

*Mehedi v. View, Inc.*,
   2023 WL 3592098 (N.D. Cal. May 22, 2023) …………………………………………..…… 3

*Mendoza v. HF Foods Grp., Inc.*,
   2021 WL 3772850 (C.D. Cal. Aug. 25, 2021) ……………………………..…………..…… 3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008)) ……………………………………………..…………..…… 6

*Okla. Firefighters Pension & Ret. Sys. v. Ixia.*,
   2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) …………………...……………..……    5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ……………………………………………………...…………..…… 1

*In re Twitter, Inc. Sec. Litig.*,
   506 F. Supp. 3d 867 (N.D. Cal 2020) …………………………..………………….....…… 6

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010) ……………………………………………..…… 6

*Wochos v. Tesla, Inc.*,
  2018 WL 4076437 (N.D. Cal. Aug. 27, 2018) …………………...……………..…… 5

*Wong v. Arlo Techs., Inc.*,
  2019 WL 7834762 (N.D. Cal. Dec. 19, 2019) …………………...……………..…… 3

**Other Authorities**                                                    **Page**

Fed. R. Evid. 201 ..……………………………………………………1, 3, 5, 6

Fed. R. Evid. 1006 ..…………………………………………………...……… 5

**TABLE OF ABBREVIATIONS**[1]

| Abbreviation | Meaning |
|---|---|
| Complaint or ¶ | Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 58. |
| Defendants | Roblox Corp., David Baszucki, Craig Donato, and Michael Guthrie |
| Ex. | Exhibit to the Gavril Declaration. Unless otherwise noted, all page references refer to internal pagination as it appears in the original cited materials. |
| Gavril Declaration | Declaration of Doru Gavril in Support of Defendants' Motion to Dismiss the Amended Complaint (June 11, 2024), ECF No. 59-1. |
| Motion to Dismiss | Defendants' Motion to Dismiss the Amended Complaint (June 11, 2024), ECF No. 59. |
| Prospectus | Roblox's Form 424B4, filed with the SEC on March 10, 2021 |

---

[1] Herein, emphasis is added unless otherwise noted. Certain quotation marks, alteration marks, citations, and emphases have been omitted.

DEFENDANTS' RJN ISO MTD                    -iv-
CASE NO. 3:23-cv-06618-RS

Defendants respectfully request that the Court consider the following documents in connection with their Motion to Dismiss.

Courts ruling on a motion to dismiss a claim under the federal securities laws "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The documents submitted are either (1) incorporated by reference into the Complaint or (2) are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, or both. True and correct copies of the documents are attached to the Gavril Declaration.

## ARGUMENT

## I.  THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE

Under the incorporation by reference doctrine, the Court may examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.* The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* On a motion to dismiss, this Court and others in this district regularly consider documents cited in complaints. *See, e.g.*, *Huei-Ting Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the [c]omplaint" and were "necessary to assess the veracity of the challenged statement in context"); *see also Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *2 (N.D. Cal. July 5, 2022) (considering documents incorporated by reference).

Accordingly, Defendants request that the Court consider the following documents because they are relied upon, quoted, or referenced in the Complaint:[2]

### A.  SEC Filings

- Ex. 1: Roblox's Form 424B4 Prospectus (the "Prospectus"), which was

---

[2] The SEC filings, earnings call transcript, and analyst Report that Defendants ask the Court to consider incorporated by reference in the Complaint (Exs.1–8, 10–13, 16, 21) are also properly subject to judicial notice. *See infra* pp. 3–6.

publicly filed with the SEC on March 10, 2021.

- Ex. 2: Roblox's Form S-1, which served to supplement the Prospectus, and which was publicly filed with the SEC on May 13, 2021.

- Ex. 3: Roblox's Form 10-Q for Q1-2021, which was publicly filed with the SEC on May 13, 2021.

- Ex. 4: Roblox's Form 10-Q for Q2-2021, which was publicly filed with the SEC on August 16, 2021.

- Ex. 5: Roblox's Form 10-Q for Q3-2021, which was publicly filed with the SEC on November 9, 2021.

- Ex. 6: David Baszucki's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 19, 2022.

- Ex. 7: Craig Donato's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 19, 2022.

- Ex. 8: Michael Guthrie's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 12, 2022.

- Ex. 10: An excerpted copy of Exhibit 99.1 to Roblox's Form 8-K, which was publicly filed with the SEC on February 15, 2022.

- Ex. 11: An excerpted copy of Roblox's Form DEF 14A Proxy Statement, which was publicly filed with the SEC on April 4, 2022.

- Ex. 12: An excerpted copy of Exhibit 99.1 to Roblox's Form 8-K, which was publicly filed with the SEC on February 15, 2023.

- Ex. 13: An excerpted copy of Exhibit 99.1 to Roblox's Form 8-K, which was publicly filed with the SEC on February 7, 2024.

**B.    Earnings Call Transcript**

- Ex. 16: Roblox's Q3-2021 Earnings Call Transcript, dated November 9, 2021 cited at ¶¶ 30, 176, 231, 283.

**C.    Analyst Report**

- Ex. 21: Jefferies Analyst Report, which was published on February 4, 2022, referenced in the February 12, 2022 Jefferies Analyst Report cited at ¶ 261.

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mehedi v. View, Inc.*, 2023 WL 3592098, at *3 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'"); *Wong v. Arlo Techs., Inc.*, 2019 WL 7834762, at *3 (N.D. Cal. Dec. 19, 2019) (same). Accordingly, Defendants request that the Court take judicial notice of the following SEC filings, earnings call transcript, news articles, and price data of publicly traded companies.

### A.    SEC Filings

The Court may judicially notice SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021); *see also In re Astra Space, Inc. Sec. Litig.*, 2023 WL 4983156, at *5 n.1 (N.D. Cal. Aug. 2, 2023) (taking judicial notice of SEC filings not referenced in the complaint); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (finding SEC filings to be "routinely subject to judicial notice," even when plaintiffs' claims do not depend on them and plaintiffs do not reference them in their complaint). Therefore, Defendants request that the Court consider the following documents publicly filed with the SEC:

- Ex. 1: Roblox's Form 424B4 Prospectus (the "Prospectus"), which was publicly filed with the SEC on March 10, 2021.

- Ex. 2: Roblox's Form S-1, which served to supplement the Prospectus, and which was publicly filed with the SEC on May 13, 2021.

- Ex. 3: Roblox's Form 10-Q for Q1-2021, which was publicly filed with the SEC on May 13, 2021.

- Ex. 4: Roblox's Form 10-Q for Q2-2021, which was publicly filed with the SEC on August 16, 2021.

- Ex. 5: Roblox's Form 10-Q for Q3-2021, which was publicly filed with the SEC on November 9, 2021.

- Ex. 6: David Baszucki's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 19, 2022.

- Ex. 7: Craig Donato's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 19, 2022.

- Ex. 8: Michael Guthrie's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 12, 2022.

- Ex. 10: An excerpted copy of Exhibit 99.1 to Roblox's Form 8-K, which was publicly filed with the SEC on February 15, 2022.

- Ex. 11: An excerpted copy of Roblox's Form DEF 14A Proxy Statement, which was publicly filed with the SEC on April 4, 2022.

- Ex. 12: An excerpted copy of Exhibit 99.1 to Roblox's Form 8-K, which was publicly filed with the SEC on February 15, 2023.

- Ex. 13: An excerpted copy of Exhibit 99.1 to Roblox's Form 8-K, which was publicly filed with the SEC on February 7, 2024.

DEFENDANTS' RJN ISO MOTION TO DISMISS            -4-
CASE NO. 3:23-cv-06618-RS

The Court may also judicially notice summary charts that simply compile information contained in publicly available documents and therefore contain only "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015) (taking judicial notice of spreadsheets and calculations prepared by defense counsel that summarized the trading activity before and during the class period); Fed. R. Evid. 1006 (a party submitting voluminous data to the Court may present the data in the form of "a summary, chart, or calculation" so long as the original data is made available). Therefore, Defendants also request that the Court consider the following document, summarizing information contained in documents publicly filed with the SEC:

- Ex. 9: A chart summarizing the trading activity of David Baszucki, Craig Donato, and Michael Guthrie identified in Exs. 6–8 (Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 19, 2022).

**B.    Earnings Call Transcript**

The Court may take judicial notice of publicly available transcripts of earnings calls and analyst conferences because "the[ir] accuracy . . . is not reasonably subject to dispute." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); *see also Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020) (judicially noticing "transcripts from earnings calls, investor and analyst conferences, and related presentations"). "Moreover, [] they constitute the subject matter of the claim: [Defendant's] public statements." *Wochos*, 2018 WL 4076437, at *2 (taking judicial notice of an earnings call transcript despite plaintiffs' objections that it was not referenced in complaint).

Therefore, Defendants request that the Court take judicial notice of the following document:

- Ex. 16: Roblox's Q3-2021 Earnings Call Transcript, dated November 9, 2021.

**C.    News Articles and Other Public Materials**

Because publications such as newspapers and magazines offer "an indication of what

DEFENDANTS' RJN ISO MOTION TO DISMISS          -5-
CASE NO. 3:23-cv-06618-RS

information was in the public realm at the time," they "meet the standards for admissibility set forth in Federal Rule of Evidence 201(b)" when the public's access to that information is at issue. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Homyk v. Chemocentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (determining that courts may take judicial notice of journal articles and other publications for the purpose of determining what information was available to the market); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal 2020) (granting judicial notice of news articles because they "reflect[] publicly available information about the company"). Because the contents of "[p]ublicly accessible websites and news articles" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such publications are "the proper subjects of judicial notice." *Paypal*, 620 F. Supp. 3d at 895.

Accordingly, Defendants request that the Court take judicial notice of the following documents:

- Ex. 17: A tweet published by @Roblox_RTC detailing the addition of parental controls to the Roblox platform, dated November 18, 2021.
- Ex. 18: Roblox press release, titled "Roblox Reports November 2021 Key Metrics," dated December 15, 2021.
- Ex. 19: Roblox's Q4-2023 Supplemental Materials, dated February 7, 2024.
- Ex. 21: Jefferies Analyst Report, dated February 4, 2022.

## D.    Price Data of Publicly Traded Companies

The Court may take judicial notice of Roblox's historical stock prices and the value of the NASDAQ index "because they are 'subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kim v. Advanced Micro Devices, Inc.*, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock prices "was proper" to show responses of stock price). Closing stock prices, where they are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint," are proper subjects of judicial notice. *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (holding closing stock prices were proper

subjects of judicial notice).

Accordingly, Defendants request that the Court take judicial notice of the following documents:

- Ex. 20: Roblox's historical stock prices and financial data for the period December 14, 2021 to January 24, 2022, published by Yahoo Finance.

For the foregoing reasons, Defendants respectfully request that the Court consider the herein-referenced documents in connection with their Motion to Dismiss.

Dated: June 11, 2024                    FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: */s/ Doru Gavril*
Doru Gavril

*Attorneys for Defendants Roblox Corporation,*
*David Baszucki, Michael Guthrie,*
*and Craig Donato*

DEFENDANTS' RJN ISO MOTION TO DISMISS          -7-
CASE NO. 3:23-cv-06618-RS