Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas D. Manningham (*pro hac vice*)
Stephen C. Boscolo (*pro hac vice*)

**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com
        mrogers@labaton.com
        nmanningham@labaton.com
        sboscolo@labaton.com

*Attorneys for Lead Plaintiffs and the Class*

Lucas E. Gilmore (#250893)

**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: lucasg@hbsslaw.com

*Liaison Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| DEKALB COUNTY PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION, et al.,<br><br>Defendants. | Case No.: 3:23-cv-06618-RS<br><br>**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:       October 30, 2025<br>Time:       1:30 p.m.<br>Location:  Courtroom 3 – 17th Floor<br>Judge:      Hon. Richard Seeborg |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................................... ii

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.     LEGAL STANDARDS. ................................................................................. 2

III.    ARGUMENT................................................................................................... 3

      A.     Because Defendants Cite Exhibits 1, 3, 4, and 6 Only to Dispute Factual Assertions as to What Investors Understood, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein ................................. 3

      B.     Because Defendants Cite to Exhibits 2, 5, 10, 20, 21, 22, 24, and 27 Only to Rebut the Complaint's Factual Allegations, The Court Should Not Consider Them for the Truth of the Facts Set Forth Therein ................................. 5

      C.     Because Defendants Cite Exhibits 7, 11, 12, 13, 14, 15, 16, 17, 18 and 19 Only to Dispute the Complaint's Allegations Concerning Insider Sales, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein ......................................................................................... 6

IV.    CONCLUSION............................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Doximity, Inc. Sec. Litig.*,
  2025 WL 1449598 (N.D. Cal. 2025) ................................................................................4, 5

*In re Facebook, Inc. Sec. Litig.*,
  405 F. Supp. 3d 809 (N.D. Cal. 2019) (reversed on other grounds)..................................... 6-7

*Hornish v. King Cnty.*,
  899 F.3d 680 (9th Cir. 2018) ...............................................................................................2

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ..................................................................................... *passim*

*In re Lucid Grp., Inc. Sec. Litig.*,
  2024 WL 3745605 (N.D. Cal. 2024) .....................................................................................5

*Rollins v. Dignity Health*,
  338 F. Supp. 3d 1025 (N.D. Cal. 2018) .................................................................................3

*Santa Monica Food Not Bombs v. City of Santa Monica*,
  450 F.3d 1022 (9th Cir. 2006) ..............................................................................................5

*Williams v. Facebook*,
  384 F. Supp. 3d 1043 (N.D. Cal. 2018) .................................................................................2

**Rules**

Fed. R. Evid. 201 ............................................................................................................................2

Court-appointed Lead Plaintiffs Arkansas Teacher Retirement System ("ATRS") and DeKalb County Pension Fund ("DeKalb," and together with ATRS, "Lead Plaintiffs" or "Plaintiffs"), respectfully submit this Memorandum of Law in Opposition to Defendants' Request for Judicial Notice ("RJN," ECF No. 79) in Support of their Motion to Dismiss ("Motion" or "MTD," ECF No. 78).[1]

## I.    PRELIMINARY STATEMENT

As noted in Plaintiffs' Opposition to Defendants' Motion to Dismiss, filed concurrently herewith, the Motion to Dismiss constructs a strawman for the sole purpose of easily knocking it down with bespoke legal arguments. In support of that effort, Defendants ask the Court to take judicial notice of, or incorporate by reference, over 30 selectively-excerpted exhibits spanning almost 350 pages, more than double the length of the entire Complaint.[2]

When considering a motion to dismiss, however, courts are limited to the four corners of a complaint as pled—judicial notice and incorporation by reference are sharply circumscribed exceptions to this general rule.  Defendants nevertheless view these exceptionally narrow doctrines as carte blanche unilaterally to submit evidence to the court.  This should not be permitted.  Indeed, the Ninth Circuit has observed and criticized what it refers to as "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Defendants seek to use three groups of exhibits improperly to rebut the Complaint's allegations: (1) Exhibits 1, 3, 4, and 6, regarding what investors understood; (2) Exhibits 2, 5, 10, 20, 21, 22, 24, and 27, concerning Roblox's misstated metrics; and (3) Exhibits 7, 11, 12, 13,14,

---

[1] Unless noted, all emphasis is added, internal citations and quotes are omitted, and all capitalized terms, including Defendants and Individual Defendants, have meanings set forth in the Second Amended Complaint ("Complaint," ECF No. 74).  Citations to "¶__" are to the Complaint.

[2] This does not include Exhibit 32, Defendants' submission of a redline comparing Lead Plaintiffs' Amended Complaint to the Second Amended Complaint.

15, 16, 17, 18 and 19, relating to Defendants' insider sales.  Lead Plaintiffs address these three categories, in turn, below.

## II.       LEGAL STANDARDS

While judicial notice and incorporation by reference permit courts to consider documents extrinsic to the pleadings, these doctrines are narrow and limited.  Indeed, the Ninth Circuit has expressly warned that "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results." *Khoja*, 899 F.3d at 998. In particular, and as noted above, the Ninth Circuit has denounced the "concerning pattern in securities cases" of such "unscrupulous use of extrinsic documents [through these doctrines] to resolve competing theories against the complaint [which] risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*.

Moreover, the *Khoja* court further observed that "[t]his risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.* Accordingly, strict principles bind both judicial reference and incorporation by reference, and courts must apply these doctrines cautiously because "[i]ncorporation by reference and judicial notice are both grossly overused and regularly confused in motions to dismiss." *Williams v. Facebook*, 384 F. Supp. 3d 1043, 1051 (N.D. Cal. 2018).

First, courts may take judicial notice of only "an adjudicative fact . . . not subject to reasonable dispute" if "generally known" or if the adjudicative fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, a court cannot judicially notice the truth of any asserted fact. *Hornish v. King Cnty.*, 899 F.3d 680, 703 (9th Cir. 2018). Two limitations further buttress judicial notice: a court "cannot take judicial notice of disputed facts," and a court must "clearly specify what fact or facts it judicially notice[s]," because "not . . . every assertion of fact within [a judicially noticeable] document is [itself] judicially noticeable." *Khoja*, 899 F.3d at 999.

Second, courts may consider documents that are an integral part of the complaint under the incorporation by reference doctrine only if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. at 1002.  Like judicial notice, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

## III.    ARGUMENT

As the Ninth Circuit warns, "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept such facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief." *Khoja*, 899 F.3d at 998. Despite this admonition, Defendants ask the Court to do just that. In offering over 30 exhibits—and citing to those exhibits to make factual arguments ostensibly contradicting the Complaint—Defendants are "not explaining or arguing the allegations in Plaintiffs' [Complaint]," but rather are "trying to factually rebut them." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018). Defendants' attempts to abuse judicial notice and incorporation by reference should be rejected.

### A.    Because Defendants Cite Exhibits 1, 3, 4, and 6 Only to Dispute Factual Assertions as to What Investors Understood, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein

Defendants ask the Court to take judicial notice of exhibits in support of their whole-cloth assertion that investors understood that Daily Active Users ("DAUs") were account holders, not unique individuals, citing Exhibit 1 (Prospectus), Exhibit 3 (August 2021 10-Q), Exhibit 4 (November 2021 10-Q), and Exhibit 6 (February 2022 10-K). This is improper because investors' understanding of what Defendants meant by DAUs is subject to reasonable dispute. In fact, as discussed below, Defendants themselves have offered contradictory statements as to the meaning of DAUs.  Accordingly, this Court cannot consider these documents for the purposes Defendants are advancing in their Motion.

Indeed, in its public statements, Roblox equated DAUs as individual people. *Compare* Exhibit 6 at 8 ("49.5 million **people** from around the world come to Roblox every day to connect

with friends") *with* Exhibit 5 (during the same time period, "Daily Active Users (DAUs) were 49.5 million"); *also compare* Exhibit 1 at 5 ("37.1 million **people** from around the world come to Roblox every day to connect with friends") *with* Exhibit 1 to Roblox's First Motion to Dismiss, ECF No. 59-2, at 87 (same document listing DAUs as 37.1 million in most recent reported quarter).[3] Because Defendants themselves equated DAUs as people, whether investors understood that DAUs referred to accounts or individual people is susceptible "to varying interpretations," demonstrating the "fact[s]" Defendants are offering these Exhibits to establish are "subject to reasonable dispute." *Khoja*, 899 F.3d at 1000 (disregarding transcript where defendants contradicted themselves).

Moreover, Defendants cite these documents to rebut the Complaint's factual assertions—namely, that investors understood that Roblox DAUs were unique individuals. *Id*. at 1003 (improper to consider noticed or incorporated-by-reference documents to dispute facts asserted in a complaint). For example, the Complaint alleges that by touting DAU growth, Defendants misled investors into believing that there were more people on Roblox's platform than there actually were. ¶¶153-57. Yet Defendants offer these exhibits to argue that investors understood that alternate accounts were a major contributor to DAUs. MTD at 10-11. The Court cannot resolve this factual dispute through either incorporation by reference or judicial notice. *See In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598, at *2 (N.D. Cal. 2025) ("attempt to argue, at the pleadings stage, the facts relating to what investors did (or not) understand [the defendant's] statements to mean" was improper). Accordingly, Plaintiffs request that the Court not consider Exhibits 1, 3, 4, or 6; or alternatively, request that the Court not consider these Exhibits as evidence of what investors understood.

---

[3] Likely recognizing the disingenuity of their arguments, Defendants omit relevant sections of the prospectus from their current RJN. However, the contradictory statement was included in Defendants' prior briefing. *See* ECF No. 59-2.

**B.**     **Because Defendants Cite to Exhibits 2, 5, 10, 20, 21, 22, 24, and 27 Only to Rebut the Complaint's Factual Allegations, The Court Should Not Consider Them for the Truth of the Facts Set Forth Therein**

Defendants improperly introduce eight exhibits—Exhibit 2 (May 2021 10-Q), Exhibit 5 (February 2022 8-K), Exhibit 10 (May 2025 10-Q), Exhibit 21 (Q3 2021 Earnings Call), Exhibit 22 (Q4 2023 Supplemental Materials), Exhibit 24 (December 15, 2021 Press Release), and Exhibit 27 (post Class Period stock price)—not to add context to the allegations in Plaintiffs' Complaint, but rather to dispute Plaintiffs' allegations that age demographics and DAU growth were not actually at the level Defendants claimed. *See Doximity*, 2025 WL 1449598, at *2 (rejecting "attempt to characterize the facts at the pleading stage and put facts into dispute" though judicial notice).

Defendants use these exhibits, most of which are public statements Defendants made to investors, to dispute the facts alleged in the Complaint. This alone renders consideration of these exhibits improper. *See In re Lucid Grp., Inc. Sec. Litig.*, 2024 WL 3745605, at *5 (N.D. Cal. 2024) (court would not "assume the truth of any facts stated in [the] Exhibits . . . to the extent they serve to dispute well-pleaded facts in the consolidated complaint").

Moreover, and critically, the complaint directly alleges that these public statements were **false**. For example, Defendants ask the Court to accept that certain statements Defendants made in earnings calls and SEC filings, that "over half of [Roblox's DAU's] were 13+," (Ex. 21) and DAUs and bookings "did indeed scale with one another," (Ex. 2) were factually accurate. MTD at 4, 10. However, the Complaint alleges that these statements were false. *See, e.g.,* ¶59 (alleging statement in Exhibit 21 that over half of Roblox's DAUs were 13+ was false because 60-70% of Roblox's DAUs were under 13); ¶¶61-62 (alleging that DAUs did not scale with bookings).

Furthermore, Exhibits 10 and 27 are irrelevant, because neither concern what investors knew or whether Defendants' statements were false or made with scienter during the Class Period. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir.

2006) (declining to take notice of irrelevant exhibits).[4] The Court should not consider these exhibits for that additional reason as well.

**C.    Because Defendants Cite Exhibits 7, 11, 12, 13, 14, 15, 16, 17, 18 and 19 Only to Dispute the Complaint's Allegations Concerning Insider Sales, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein**

Defendants improperly ask the Court to consider ten exhibits—Exhibit 7 (April 2022 14A Proxy), Exhibit 11 (March 2021 Form 3), Exhibits 12 and 16 (Compilation of Baszucki Form 4s), Exhibits 13 and 17 (Compilation of Donato Form 4s), Exhibits 14 and 18, (Compilation of Guthrie Form 4s), and Exhibits 15 and 19 (summaries of the Individual Defendants' trades)—to claim that: (1) any inference of scienter from Defendants' lack of open market purchases was negated because they were paid in and had "sizable holdings" of Roblox stock; (2) Defendants' sales were largely made pursuant to a 10b5-1 plan or tax and thus not suspicious; and (3) Defendants had no need to make discretionary sales after the Class Period because they had sold sufficient shares in the direct listing. *See generally* MTD at 16-19.

Defendants misuse judicial notice by requesting the Court notice a lack of scienter from the amount of the Individual Defendants' stock holdings (Ex. 7 and 11) or their lack of reported discretionary sales after the Class Period (Ex. 19). By its nature, judicial notice requires **undisputed** facts; yet inferences that the size of Individual Defendants' holdings or lack of need to sell additional stock negate scienter are certainly disputed. *See Khoja*, 899 F.3d at 1001 (erroneous to consider disputed inference from judicially noticeable document). Defendants' attempt to manipulate judicial notice to counter well-pled evidence of scienter ignores both evidentiary rules and reality.

Similarly improper are Defendants' attempts to use the existence of the Individual Defendants' trading plans as evidence of scienter. While Form 4s are an appropriate subject of judicial notice, judicial notice is "confined to recognizing *only* that a 10b5-1 plan existed." *In re*

---

[4] None of these exhibits are relied on or even referenced in the Complaint, making incorporation by reference similarly inapt. For example, the Complaint never alleges that Roblox's stock price declined in response to the Hindenburg Report, as Defendants seem to suggest. MTD at 5.

*Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (emphasis in original) (reversed on other grounds). Accordingly, judicial notice permits noticing only "that a Rule 10b5-1 plan existed and that stock sales were made pursuant to that plan, not that this plan confined Defendants' trading discretion." *Id*. (citing *Khoja*, 899 F.3d at 999.)

## IV.    CONCLUSION

For the foregoing reasons, to the extent Defendants seek to establish the truth of the facts asserted therein, Defendants' Request for Judicial Notice and Incorporation by Reference should be denied with respect to Exhibits 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 27.

DATED: August 15, 2025

By: */s/Michael P. Canty*
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas D. Manningham (*pro hac vice*)
Stephen C. Boscolo (*pro hac vice*)

**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com
        mrogers@labaton.com
        nmanningham@labaton.com
        sboscolo@labaton.com

*Attorneys for Lead Plaintiffs and the Class*

Lucas E. Gilmore (#250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: lucasg@hbsslaw.com

*Liaison Counsel for the Class*