BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELENA HADJIMICHAEL State Bar No. 355715
elena.hadjimichael@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Roblox Corporation,*
*David Baszucki, Michael Guthrie,*
*and Craig Donato*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEKALB COUNTY PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBLOX CORPORATION, et al., <br><br> Defendants. | Case No.: 3:23-cv-06618-RS <br><br> **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** <br><br> Date:     October 30, 2025 <br> Time:     1:30 p.m. <br> Location:  Courtroom 3 – 17th Floor <br> Judge:    Hon. Richard Seeborg |

DEFS' REPLY ISO RJN
CASE NO. 3:23-cv-06618-RS

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................................................ii

TABLE OF ABBREVIATIONS..........................................................................................................iv

INTRODUCTION................................................................................................................................. 1

ARGUMENT.........................................................................................................................................1

    I.   DOCUMENTS PROPERLY INCORPORATED BY REFERENCE MAY BE
        USED IN THEIR ENTIRETY........................................................................................... 1

    II.  EXHIBITS ARE PROPER SUBJECTS OF JUDICIAL NOTICE AND MAY BE
        USED TO CHALLENGE CONCLUSORY ALLEGATIONS...................................................3

CONCLUSION........................................................................................................................................6

DEFS' REPLY ISO RJN
CASE NO. 3:23-cv-06618-RS

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                    **Page**

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988)...........................................................................................................................3

*In re Eventbrite, Inc. Sec. Litig.*,
    2020 WL 2042078 (N.D. Cal. Apr. 28, 2020).............................................................................. 3

*In re Finisar Corp.*,
    542 F. Supp. 2d 980 (N.D. Cal. 2008)......................................................................................... 5

*Hessong v. Pinterest, Inc.*,
    2021 WL 4339193 (N.D. Cal. Sept. 23, 2021).............................................................................. 1

*Homyk v. Chemocentryx, Inc.*,
    2023 WL 3579440 (N.D. Cal. Feb. 23, 2023)............................................................................. 5

*Huei-Ting Kang v. Paypal Holdings, Inc.*,
    620 F. Supp. 3d 884 (N.D. Cal. 2022)................................................................................. 1, 4, 5

*In re Intel Corp. Sec. Litig.*,
    2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)............................................................................4

*In re Intel Corp. Sec. Litig.*,
    2023 WL 2767779 (N.D. Cal. Mar. 31, 2023)............................................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)............................................................................................. 1, 3, 4

*Kim v. Adv. Micro Devices, Inc.*,
    2019 WL 2232545 (N.D. Cal. May 23, 2019)............................................................................5

*Kipling v. Flex Ltd.*,
    2020 WL 7261314 (N.D. Cal. Dec. 10, 2020)............................................................................5

*McGovney v. Aerohive Networks, Inc.*,
    2019 WL 8137143 (N.D. Cal. Aug. 7, 2019)............................................................................. 3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008)....................................................................................................6

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014)....................................................................................................3

*Overstreet v. Living Spaces Furniture LLC*,
    2023 WL 4408269 (D. Ariz. July 7, 2023)................................................................................. 1

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)..................................................................................................... 1

*In re Twitter, Inc. Sec. Litig.*,
    506 F. Supp. 3d 867 (N.D. Cal 2020)........................................................................................ 5

-ii-

**Cases**                                                                                                          **Page**

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010)........................................................................................................5

*Wochos v. Tesla, Inc.*,
    2018 WL 4076437 (N.D. Cal. Aug. 27, 2018).................................................................. 5

**Other Authorities**

Fed. R. Evid. 201(b)......................................................................................................................3

DEFS' REPLY ISO RJN
CASE NO. 3:23-cv-06618-RS

**TABLE OF ABBREVIATIONS[1]**

| Abbreviation | Meaning |
|---|---|
| ¶ or SAC | Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws (Apr. 17, 2025), ECF No. 74 |
| Exhibit or Ex. | Exhibit to the Declaration of Elena Hadjimichael in Support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (June 16, 2025), ECF No. 78-1 |
| Motion to Dismiss or Mot. | Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (June 16, 2025), ECF No. 78 |
| RJN Opp. | Lead Plaintiffs' Opposition to Defendants' Request for Judicial Notice (Aug. 15, 2025), ECF No. 81 |
| Reply | Defendants' Reply In Support of Motion to Dismiss Plaintiffs' Second Amended Complaint (Sept. 15, 2025), ECF No. 82 |
| Request for Judicial Notice or RJN | Request for Judicial Notice In Support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (June 16, 2025), ECF No. 79 |
| Roblox | Roblox Corporation |

---

[1] Herein, emphasis is added unless otherwise noted. Certain quotation marks, alteration marks, citations, and emphases have been omitted.

DEFS' REPLY ISO RJN
CASE NO. 3:23-cv-06618-RS

**INTRODUCTION**

Plaintiffs' Opposition to Defendants' Request for Judicial Notice has one objective. It urges the Court to blindly accept conclusory allegations of facts with no tether to reality.

Judicial notice has an opposite goal: to ensure that courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The doctrine of incorporation by reference is likewise designed to safeguard courts from being forced to "consider only the few . . . documents that would allow [a] suit to proceed while turning a blind eye to any portion of the . . . documents that might prevent the suit from proceeding." *Overstreet v. Living Spaces Furniture LLC*, 2023 WL 4408269, at *3 (D. Ariz. July 7, 2023). Defendants' Exhibits are properly before the Court under these complementary doctrines and fulfill their shared aims of promoting accuracy and completeness by dispelling allegations that lack factual basis.

**ARGUMENT[2]**

## I. DOCUMENTS PROPERLY INCORPORATED BY REFERENCE MAY BE USED IN THEIR ENTIRETY

Under the incorporation by reference doctrine, the Court may examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Courts frequently incorporate by reference documents that plaintiffs "quoted throughout the [c]omplaint" and are "necessary to assess the veracity of the challenged statement in context." *Huei-Ting Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022).

The SAC challenges statements made in the following documents:

- Roblox's Form 424B4 Prospectus, which was publicly filed with the SEC on March 10, 2021 (excerpted in **Ex. 1**)

- Roblox's Quarterly Report, on Form 10-Q, which was publicly filed with the SEC on May 13, 2021 (excerpted in **Ex. 2**)

---

[2] As the Request for Judicial Notice explains, Exhibits 1–5, 12–14, 16–18, 20–21, 24, and 29–30 are incorporated by reference in the SAC, and Exhibits 1–32 are subject to judicial notice. Plaintiffs do not object to the incorporation by reference of Exhibits 8–9, or to judicial notice of Exhibits 25, 26, and 28–32, and thus concede that those exhibits are properly before the Court. *Hessong v. Pinterest, Inc.*, 2021 WL 4339193, at *3 (N.D. Cal. Sept. 23, 2021) (granting judicial notice and incorporation by reference where "Plaintiff d[id] not oppose or otherwise dispute" the documents).

- Roblox's Quarterly Report, on Form 10-Q, which was publicly filed with the SEC on August 16, 2021 (excerpted in **Ex. 3**)

- Roblox's Quarterly Report, on Form 10-Q, which was publicly filed with the SEC on November 9, 2021 (excerpted in **Ex. 4**)

- Transcript of Roblox's Q3 2021 Earnings Call, dated November 9, 2021 (excerpted in **Ex. 21**)

- Roblox press release, titled "Roblox Reports November 2021 Key Metrics," dated December 15, 2021 (**Ex. 24**)

*See* RJN at 2. The SAC also refers to and relies upon the following additional documents:

- Roblox's Current Report, on Form 8-K, which was publicly filed with the SEC on February 15, 2022 (excerpted in **Ex. 5**)

- Statements of Changes in Beneficial Ownership for David Baszucki, on Form 4, which were publicly filed with the SEC from March 12, 2021 to November 24, 2021 (excerpted in **Ex. 12**)

- Statements of Changes in Beneficial Ownership for Craig Donato, on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 19, 2022 (compiled in **Ex. 13**)

- Statements of Changes in Beneficial Ownership for Michael Guthrie, on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 12, 2022 (compiled in **Ex. 14**)

- Statements of Changes in Beneficial Ownership for David Baszucki, on Form 4, which were publicly filed with the SEC from August 24, 2022 to November 28, 2022 (compiled in **Ex. 16**)

- Statements of Changes in Beneficial Ownership for Craig Donato, on Form 4, which were publicly filed with the SEC from February 23, 2022 to January 18, 2023 (compiled in **Ex. 17**)

- Statements of Changes in Beneficial Ownership for Michael Guthrie, on Form 4, which were publicly filed with the SEC from February 24, 2022 to November 23, 2022 (compiled in **Ex. 18**)

*See* RJN at 2. Plaintiffs do not dispute that the SAC relies on these documents. Nevertheless, they implore "the Court not [to] consider" Exhibits 1–5, 12–18, 21, and 24 at all, citing concerns about the way in which these are used in Defendants' Motion to Dismiss.

This is a distortion of the principles espoused in *Khoja*, which Plaintiffs overextend to argue that Defendants are "attempt[ing] to abuse . . . incorporation by reference" by mak[ing] factual arguments ostensibly contradicting the [SAC]." RJN Opp. at 3. But *Khoja* "did not eradicate the rule

-2-

DEFS' REPLY ISO RJN
CASE NO. 3:23-CV-06618-RS

that alleged false statements must be analyzed in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). The need to analyze statements in context is especially pronounced in securities fraud cases, where courts must consider the "total mix" of information available to investors at the time of the purported fraud. *See Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988).

Plaintiffs accuse Defendants of using these "to rebut the Complaint's factual assertions," RJN Opp. at 4, but *Khoja* also "does not prevent a defendant from using the doctrine[] of. . . incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations," *Eventbrite*, 2020 WL 2042078, at *7 (emphasis in original). Were it otherwise, Plaintiffs could freely cherrypick "only" the "portions of documents that support their claims, while omitting portions . . . that weaken—or doom—their claims." *McGovney v. Aerohive Networks, Inc.*, 2019 WL 8137143, at *7 (N.D. Cal. Aug. 7, 2019) (quoting *Khoja*, 899 F.3d at 1002). This misuse of *Khoja* would offend the central purpose of the incorporation by reference doctrine.

Because Exhibits 1–5, 12–18, 21, and 24 are incorporated documents, they should be considered "as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. The Court need not restrict the use of these exhibits, as Plaintiffs request in the alternative. *See* RJN Opp. at 4. "Once a document is deemed incorporated by reference, . . . both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

## II. EXHIBITS ARE PROPER SUBJECTS OF JUDICIAL NOTICE AND MAY BE USED TO CHALLENGE CONCLUSORY ALLEGATIONS

Federal Rule of Evidence 201 provides a clear formula for judicial notice. A court may take "notice [of] an adjudicative fact if it is 'not subject to **reasonable** dispute,'" by way of the fact being "generally known" or able to "be accurately and readily determined from sources whose accuracy cannot **reasonably** be questioned." *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). Adjudicative facts are those that are relevant to the issues in the case. *Id.* at 1000 n.5.

Plaintiffs do not raise any reasonable challenges to Defendants' exhibits. Like many securities plaintiffs opposing judicial notice, Plaintiffs try to use *Khoja* to argue that numerous

-3-

DEFS' REPLY ISO RJN
CASE NO. 3:23-cv-06618-RS

exhibits are improper. *See* RJN Opp. at 3–4 (arguing that *Khoja* admonishes defendants who "present their own version of the facts at the pleading stage"). But as the Ninth Circuit explained, its concern was with improper factual "defense[s] to the **well-pled allegations**." *Khoja*, 899 F.3d at 998, 1002. This Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" whose closer evaluation Plaintiff seeks to avoid. *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *10 (N.D. Cal. Mar. 31, 2023). Judicial notice of the following exhibits is therefore proper.

**SEC filings.** Plaintiffs object to Defendants' request for judicial notice of Exhibits 1–19—Roblox's SEC filings. RJN Opp. at 3–5. However, the courts find SEC filings to be "routinely subject to judicial notice" regardless of whether plaintiffs' claims depend or reference them. *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019). Plaintiffs argue that Defendants seek judicial notice of certain SEC filings "only to dispute factual assertions as to what investors understood" and thus "should not be considered for the truth of the facts set forth therein." RJN Opp. at 3. But Defendants merely request judicial notice for the proper purpose of challenging Plaintiffs' *conclusory* (and often patently false) allegations and "provid[ing] a basis for [Defendants'] argument that Plaintiffs sometimes inaccurately characterize the contents of those documents." *Paypal*, 620 F. Supp. 3d at 896 ("[W]here the complaint makes conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true.").

Specifically as to the Forms 4, Plaintiffs accuse Defendants of requesting judicial notice to dispute the allegations concerning insider sales, *id.* at 6–7, but still admit that they are appropriate subjects of judicial notice, including for purposes of indicating the existence and date of adoption of 10b5-1 trading plans, *id.* at 6.

**News articles and other publicly available information.** Plaintiffs also object to the Court taking judicial notice of a news article (Ex. 24) and other publicly available documents (Exs. 20, 22) because they claim it is being used "to dispute the facts alleged in the Complaint." RJN Opp. at 5. Because publications such as newspapers and magazines offer "an indication of what information was in the public realm at the time," they "meet the standards for admissibility set forth in Federal

-4-

DEFS' REPLY ISO RJN
CASE NO. 3:23-cv-06618-RS

Rule of Evidence 201(b)" when the public's access to that information is at issue. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Homyk v. Chemocentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (determining that courts may take judicial notice of journal articles and other publications for the purpose of determining what information was available to the market); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n. 1 (N.D. Cal 2020) (granting judicial notice of news articles because they "reflect[] publicly available information about the company"). Because the contents of "[p]ublicly accessible websites and news articles" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such publications are "the proper subjects of judicial notice." *Paypal*, 620 F. Supp. 3d at 895.

**Earnings call transcript.** Plaintiffs also object to judicial notice of an earnings call transcript (Ex. 21). RJN Opp. at 5. Regardless, the Court may take judicial notice of publicly available transcripts of earnings calls and analyst conferences because "the[ir] accuracy . . . is not reasonably subject to dispute." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); *see also Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020) (judicially noticing "transcripts from earnings calls, investor and analyst conferences, and related presentations"). "Moreover, . . . they constitute the subject matter of the claim: [Defendant's] public statements." *Wochos*, 2018 WL 4076437 at *2 (taking judicial notice of an earnings call transcript despite plaintiffs' objections that it was not referenced in complaint).

**Stock prices.** The Court may take judicial notice of Roblox's historical stock prices and financial data (Ex. 27) "because they are 'subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kim v. Adv. Micro Devices, Inc.*, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019).

In addition, closing stock prices, where they are "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint," are proper subjects of judicial notice. *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008). The SAC borrows allegations from Hindenburg Research's short-seller attack on Roblox, which Plaintiffs use to try to corroborate confidential witness statements. Exhibit 27 documents the closing price of Roblox's stock following the

-5-

publication of this short-seller attack, a key data point necessary to rebut the conclusory allegations that the Hindenburg report is trustworthy. *See* Reply at 10; *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock prices "was proper" to show responses of stock price).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Request for Judicial Notice.

Dated: September 15, 2025

FRESHFIELDS US LLP

By: */s/ Boris Feldman*
    Boris Feldman

*Attorneys for Defendants Roblox Corporation, David Baszucki, Michael Guthrie, and Craig Donato*

-6-