ROLNICK KRAMER SADIGHI LLP
Michael J. Hampson (*pro hac vice* application forthcoming*)*
mhampson@rksllp.com
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

THE LONG LAW FIRM, PLLC
James A. Long CSB No. 326404
8605 Santa Monica Blvd.
PMB 48629
West Hollywood, CA 90069
(315) 991-8000 Telephone
jlong@long.law

*Attorneys for the Prudential/Harbor Funds (see signature block)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

DEKALB COUNTY PENSION FUND,

    Plaintiff,

    v.

ROBLOX CORPORATION, et al.,

    Defendants.

Case No. 23-cv-06618-RS

**PRUDENTIAL/HARBOR FUNDS'
LIMITED MOTION TO INTERVENE
AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

**Hearing Information:**
Date:  April 16, 2026
Time:  1:30 p.m. (Pacific Time)
Place:  Courtroom 3 (17th Floor)

---

PRUDENTIAL/HARBOR FUNDS' LIMITED MOTION TO INTERVENE
Case No. 23-cv-06618-RS

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

**PLEASE TAKE NOTICE** that on Thursday, April 16, 2026, at 1:30 p.m. (Pacific Time) in Courtroom 3, 17th Floor of the United States District Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Chief Judge Richard Seeborg, the Prudential/Harbor Funds (as defined in the below Memorandum of Points and Authorities) will and hereby do move the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order granting their limited request to intervene to suspend the running of the statute of repose as to their individual claims in the action entitled *Dekalb County Pension Fund v. Roblox Corporation, et al.*, No. 23-cv-06618-RS.

The Prudential/Harbor Funds seek to intervene in the above-titled action for the sole and limited purpose of protecting their claims from expiration under the Securities Exchange Act of 1934's statute of repose, and thus preserving their ability to seek relief individually for the misconduct alleged in the class action. The Prudential/Harbor Funds seek to intervene in the action by permissive intervention.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the arguments of counsel at any hearing on this Motion.

Dated: March 9, 2026                              THE LONG LAW FIRM, PLLC

                                                  By:    */s/ James A. Long*
                                                            James A. Long

                                                  ROLNICK KRAMER SADIGHI LLP
                                                  Michael J. Hampson (*pro hac vice*
                                                  application forthcoming)

                                                  *Attorneys for Prudential/Harbor Funds*

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

PRUDENTIAL/HARBOR FUNDS' LIMITED MOTION TO INTERVENE
Case No. 23-cv-06618-RS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND.............................................................................................. 2

ARGUMENT...................................................................................................................... 4

    1.    Intervention in These Circumstances Has Been Endorsed by the Supreme Court and Multiple District Courts, Including in This District............................... 4

    2.    The Motion to Intervene is Timely ........................................................................ 7

    3.    The Prudential/Harbor Funds' Claims Share Common Questions of Law and Fact With Those of the Class .................................................................................. 9

CONCLUSION................................................................................................................... 9

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

# TABLE OF AUTHORITIES

Page

**Cases**

*Aldapa v. Fowler Packing Co.*,
2016 WL 3361807 (E.D. Cal. June 16, 2016) ......................................................................... 8

*Aly v. Valeant Pharm. Int'l Inc.*,
1 F.4th 168 (3d Cir. 2021) ...................................................................................................... 7

*Am. Pipe & Const. Co. v. Utah*,
414 U.S. 538 (1974).............................................................................................................. 2, 4

*Beckman Industries, Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ................................................................................................ 4, 9

*Boston Ret. System v. Alexion Pharm., Inc., et al.*,
No. 3:16-cv-02127 (D. Conn.).............................................................................................. 5, 6

*California Public Employees' Ret. System v. ANZ Secs., Inc.*,
582 U.S. 497 (2017)................................................................................................................. 5

*Crown, Cork  & Seal Co., Inc. v. Parker*,
462 U.S. 345 (1983) ................................................................................................................. 7

*DeLuca v. Farmers Ins. Exch.*,
2018 WL 11436065 (N.D. Cal. Dec. 21, 2018)....................................................................... 8

*Dixon v. Cost Plus*,
2012 WL 2499931 (N.D. Cal. June 27, 2012) ......................................................................... 9

*Hatfield v. Halifax PLC*,
564 F.3d 1177 (9th Cir. 2009) ................................................................................................. 7

*In re Cypress Semiconductor Secs. Litig.*,
864 F. Supp. 957 (N.D. Cal. 1994) .......................................................................................... 7

*In re eHealth Inc. Secs. Litig.*,
No. 4:20-cv-2395-JST (N.D. Cal. May 11, 2023) ................................................................. 2, 6

*In re Envision Healthcare Corp. Secs. Litig.*,
No. 3:17-cv-01112 (M.D. Tenn.)............................................................................................ 5, 8

*In re JDS Uniphase Corp. Secs. Litig.*,
2005 WL 2562621 (N.D. Cal. Oct. 12, 2005) ......................................................................... 8

*In re Lendingclub Secs. Litig.*,
282 F. Supp. 3d 1171 (N.D. Cal. 2017) ................................................................................... 4

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

*In re Upstart Holdings, Inc. Secs. Litig.*,
    No. 2:22-cv-02935 (S.D. Ohio Aug. 1, 2024) ................................................................ 6

*Low v. Altus Financial S.A.*,
    44 Fed. App'x 282 (9th Cir. 2002) ............................................................................. 8

*Merck & Co. v. Reynolds*,
    559 U.S. 633 (2010)..................................................................................................... 4

*Ontario Teachers' Pension Plan Board, et al. v. Teva Pharm. Indus. Ltd., et al.*,
    No. 3:17-cv-00558-SRU (D. Conn.)............................................................................ 5

*Perry v. Schwarzenegger*,
    2010 WL 1469749 (N.D. Cal. Aug. 4, 2010) ............................................................. 4

*Samsung Electronics Co., Ltd. v. Panasonic Corp.*,
    2016 WL 11781870 (N.D. Cal. Sept. 26, 2016) ......................................................... 8

*Sloan v. General Motors LLC*,
    2020 WL 5517244 (N.D. Cal. Sep. 14, 2020) ........................................................... 9

*Spangler v. Pasadena City Bd. of Ed.*,
    552 F.2d 1326 (9th Cir. 1977) ................................................................................ 4, 8

*Su v. Siemens Indus., Inc.*,
    2013 WL 3477202 (N.D. Cal. July 10, 2013).............................................................. 9

*United States v. Carpenter*,
    298 F.3d 1122 (9th Cir. 2002) .................................................................................... 7

*Winston v. United States*,
    2015 WL 9474284 (N.D. Cal. Dec. 29, 2015)............................................................. 8

**Statutes**
28 U.S.C. § 1658(b) ............................................................................................................ 4

**Other Authorities**
James J. Mayer, *Rejecting the Class Action Tolling Forfeiture Rule*, 94 N.Y.U. L. Rev. 899
    (2019)........................................................................................................................... 5

**Rules**
Fed. R. Civ. P. 24................................................................................................................ 4

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

1

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

The Prudential/Harbor Funds[1] respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, to intervene in the above-captioned action ("Action") for the sole purpose of protecting their individual claims, as alleged in the operative class action complaint, from expiration under the Securities Exchange Act of 1934's ("Exchange Act") statute of repose.  By this motion to intervene, the Prudential/Harbor Funds provide Defendants[2] notice of their individual claims and thereby preserve the timeliness of those claims, following guidance from the Supreme Court that intervention is the proper method for passive class members to do so.

## INTRODUCTION

The Prudential/Harbor Funds face a predicament for which relief from this Court is warranted.  This Action was first filed over two years ago, in November 2023, but due to circumstances beyond the Prudential/Harbor Funds' control, remains subject to a pending motion to dismiss and has not yet advanced to discovery.  The Prudential/Harbor Funds are putative, passive class members in the Action who are now in jeopardy of having their individual claims eliminated by the five-year statute of repose under the Exchange Act.  If the Prudential/Harbor Funds do nothing, they will be left without a remedy in the event that this Court ultimately denies class certification.  And even if this Court were to ultimately grant class certification, absent intervention, the Prudential/Harbor Funds will have no ability to pursue their own claims if they opt out of the class action.  In either case, the Prudential/Harbor Funds will be prejudiced should this Court deny the pending motion to dismiss.  Moreover, the Prudential/Harbor Funds are not yet in a position to determine whether they should file an individual action because they do not know at this early stage whether their individual claims are viable or the class remedy is adequate.

---

[1] The "Prudential/Harbor Funds" are The Prudential Insurance Company of America, Prudential World Fund, Inc., Prudential Investment Portfolios, Inc., Prudential Investment Portfolios 3, Prudential Jennison Blend Fund, Inc., Prudential Investment Portfolios 5, Prudential Investment Portfolios 12, The Prudential Series Fund, Advanced Series Trust, Prudential Trust Company, Harbor Capital Appreciation Fund, Harbor Capital Appreciation CIT, and Harbor Long-Term Growers ETF.

[2] "Defendants" are Roblox Corporation ("Roblox"), David Baszucki, Craig Donato, and Michael Guthrie.

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

If the Prudential/Harbor Funds filed an individual complaint now and the Court granted Defendants' motion to dismiss, it would waste the resources of the Court, the Prudential/Harbor Funds, and the parties.

The solution to this predicament is one invited directly by the Supreme Court, and which has been endorsed by multiple district courts: a "simple motion to intervene" for the limited purpose of preventing the expiration of individual claims via the statute of repose. Intervention is the proper remedy available to the Prudential/Harbor Funds to preserve their claims from expiration under the statute of repose because it would accomplish precisely what the Supreme Court envisioned in developing the *American Pipe* class action tolling doctrine—i.e., promoting economy and efficiency of litigation while protecting the Prudential/Harbor Funds' individual rights. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553-54 (1974)).

In seeking intervention, the Prudential/Harbor Funds explicitly do not seek to be appointed as representative plaintiffs or to otherwise interpose themselves into the Action in any way. Rather, the Prudential/Harbor Funds seek only to preserve their status as putative class members, with all attendant rights and protections, and to prevent their claims from being extinguished in the event that the case later develops in a way that would cause them to exercise their opt-out rights or be forced to bring their own claims. In all eight instances in which motions to intervene have been brought for this purpose in federal court, the motions have been granted, including by Judge Tigar in this District. *See In re eHealth Inc. Securities Litigation*, No. 4:20-cv-2395-JST, ECF No. 141 (N.D. Cal. May 11, 2023). The Court should permit intervention here as well.

## FACTUAL BACKGROUND

The initial complaint in this Action was filed on November 27, 2023, in the United States District Court for the Southern District of New York. (ECF No. 1.) On December 22, 2023, the New York court transferred this case to this District. (ECF No. 17.) On February 13, 2024, this Court issued an Order appointing DeKalb County Pension Fund and Arkansas Teacher Retirement System as lead plaintiffs of the putative class of Roblox investors ("Lead Plaintiffs"). (ECF No. 46.)

3

On April 12, 2024, Lead Plaintiffs filed an amended class action complaint against Defendants for violations of the federal securities laws under Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder, on behalf of those who purchased or otherwise acquired shares of Roblox Class A common stock between March 10, 2021 and February, 2022 (the "Class Period"). Lead Plaintiffs alleged that Roblox, an online video game platform operator, as well as Roblox's senior executives, concealed information from investors concerning the age of Roblox's users. To wit, Defendants misled the market about the extent to which Roblox's revenues were based on users under the age of thirteen, and thus led investors to underestimate the impact that the end of the COVID-19 lockdowns and increased parental controls would have on Roblox's business. On December 15, 2021, Defendants disclosed a material decline in Roblox's user bookings. On February 15, 2022, Roblox announced its earnings results for the fourth quarter of 2021 and revealed further, steep declines in user bookings.

Defendants filed a motion to dismiss on June 11, 2024, which was fully briefed by September 9, 2024. (ECF Nos. 59, 63, 65.) On March 28, 2025, this Court granted the motion to dismiss with leave to replead. (ECF No. 70.) On April 17, 2025, Lead Plaintiffs filed a Second Amended Complaint ("SAC"). (ECF. No. 74.) Defendants again moved to dismiss, which motion was fully briefed by September 15, 2025. (ECF Nos. 78, 80, 82.) The motion to dismiss the SAC remains pending before the Court.

The Prudential/Harbor Funds—by virtue of their purchases of Roblox securities during the Class Period—are putative class members in the Action. However, their individual claims are now under threat of elimination because of the five-year statute of repose imposed by the Exchange Act, 28 U.S.C. § 1658(b). Because the Action has not advanced past the motion to dismiss stage and no discovery has been taken, the Prudential/Harbor Funds cannot adequately assess whether their individual claims are viable or if the class remedy is adequate. The Prudential/Harbor Funds thus seek intervention solely to preserve the timeliness of their claims so that, should this Court deny class certification, they may press their own individual claims or, should this Court eventually grant certification (whether in a contested or settlement context), the Prudential/Harbor Funds may

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

4

make an informed decision whether to remain class members or "opt out" of the Class and pursue their individual claims.

## ARGUMENT

Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). An applicant for permissive intervention typically "need only show that (1) independent grounds for jurisdiction exist; (2) the motion is timely; and (3) the applicant's claim or defense shares a common question of law or fact with the main action." *See In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1177 (N.D. Cal. 2017). However, an independent jurisdictional basis is not required where, as here, "intervenors do not seek to litigate a claim on the merits," but rather "ask the court only to exercise that power which it already has"—to recognize the Prudential/Harbor Funds as intervenors for purposes of preserving their claims. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "[D]iscretionary factors" that courts may consider for permissive intervention include "the nature and extent of the applicant's interest, whether the applicant's interests are adequately represented by other parties and whether intervention will prolong or unduly delay the litigation." *Perry v. Schwarzenegger*, 2010 WL 11469749, at *6 (N.D. Cal. Aug. 4, 2010) (citing *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

### 1. Intervention in These Circumstances Has Been Endorsed by the Supreme Court and Multiple District Courts, Including in This District

A private action under Section 10(b) and 20(a) of the Exchange Act must be filed within the earlier of "(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b). Courts have construed 28 U.S.C. § 1658(b) as imposing a two-year statute of limitations and a five-year statute of repose. *Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010). In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class." 414 U.S. at 554. *American Pipe* has been extensively cited and applied to

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

5

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

toll statutes of limitations.  *See* James J. Mayer, *Rejecting the Class Action Tolling Forfeiture Rule*, 94 N.Y.U. L. Rev. 899 (2019) (discussing application of *American Pipe* tolling across circuits).

However, in *California Public Employees' Retirement System v. ANZ Securities, Inc.*, 582 U.S. 497, 510-11 (2017), the Supreme Court held that *American Pipe* tolling does not apply to a statute of repose in the federal securities laws.  Thus, while absent class members can rely on the *American Pipe* tolling doctrine to preserve their claims from expiring under the two-year statute of limitations during the pendency of a securities class action, they cannot do so with respect to the five-year statute of repose.

Nevertheless, to address the incongruity between the *American Pipe* tolling rule and the statute of repose, the Supreme Court in *CalPERS* recognized that a motion to intervene can be used to preserve the timeliness of claims.  Specifically, rather than requiring putative class members to file their own independent opt-out actions, the Court suggested that a "simple motion to intervene . . . may well suffice" to protect class members' individual claims.  *Id.* at 513.  The Supreme Court posited that the intervention process is unlikely to be "onerous" and that district courts have "ample means" to ensure "that any additional filings proceed in an orderly fashion." *Id.*

Multiple courts have since followed the Supreme Court's guidance, granting intervention motions by passive class members for the purpose of preserving the timeliness of claims against the statute of repose.  In *Ontario Teachers' Pension Plan Board, et al. v. Teva Pharmaceutical Industries Ltd., et al.*, No. 3:17-cv-00558-SRU (D. Conn.) ("*Teva*"), the District of Connecticut—in summary docket entry orders—granted three motions to intervene for the sole purpose of protecting individual securities claims against the statue of repose.  *See Teva*, ECF Nos. 284, 636, 695.  The Middle District of Tennessee similarly permitted putative class members to intervene for the same purpose.  *See In re Envision Healthcare Corp. Secs. Litig.*, No. 3:17-cv-01112 (M.D. Tenn.) ("*Envision*"), ECF No. 315.  In both *Teva* and *Envision*, intervention motions were granted despite having been filed *after* motions to dismiss were decided and discovery had commenced.

More akin to this case, in *Boston Retirement System v. Alexion Pharmaceuticals, Inc., et al.*, No. 3:16-cv-02127 (D. Conn.) ("*Alexion*"), the District of Connecticut permitted intervention

6

for two groups of proposed intervenors for the express purpose of preserving individual claims *prior to* the issuance of a decision on a motion to dismiss and the onset of discovery in the class action. *See Alexion*, ECF Nos. 208, 234.

In this District, Judge Tigar considered such a motion in the eHealth securities class action, Case No. 4:20-cv-2395-JST ("*eHealth*"). There, the class action had survived a motion to dismiss but was subject to a pending motion for judgment on the pleadings when the statute of repose was set to expire. A group of eHealth investors filed a motion to intervene solely for the purpose of preserving their individual claims. *See eHealth*, ECF No. 135. Defendants did not oppose the motion, and the lead plaintiffs took no position. *See id.*, ECF Nos. 139-40. The Court granted the motion, allowing the movants to intervene "for the limited purpose of preserving their individual claims against the expiration of the Securities Exchange Act of 1934's statute of repose" while "otherwise remaining passive members of the putative class with all other associated rights." *Id.*, ECF No. 141 at 1.

And, most recently, the United States District Court for the Southern District of Ohio joined other courts around the country by granting a motion to intervene by passive class members to preserve their individual claims from being extinguished by the statute of repose while the class action was still in its nascent stages. *See In re Upstart Holdings, Inc. Securities Litigation*, No. 2:22-cv-02935, ECF No. 122 (S.D. Ohio Aug. 1, 2024).

Like the Prudential/Harbor Funds in this case, each of the intervenors in the aforementioned cases were without critical information about the viability of their individual claims and the adequacy of the class remedy that would otherwise influence their decisions about whether to pursue individual claims. And in each instance, the court granted the motion.

The Prudential/Harbor Funds respectfully submit that this Court should follow suit and allow them to intervene in the Action to protect their individual claims from expiring under the Exchange Act's statute of repose. The Prudential/Harbor Funds' only other alternative is to file their own separate action prior to the Court's ruling on the motion to dismiss the SAC. The Prudential/Harbor Funds, however, do not seek to file an individual complaint before they are able to assess the merits of the SAC, nor are they required to under *American Pipe*. *See Hatfield v.*

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

*Halifax PLC*, 564 F.3d 1177, 1187 (9th Cir. 2009) (*American Pipe* tolling "protects the class action device because, without it, potential class members would be induced to file protective actions to preserve their claims, thus depriving class actions of their ability to secure efficiency and economy of litigation" (internal quotation marks and citation omitted)).

Requiring the Prudential/Harbor Funds to file an individual action at this juncture would be inefficient and waste resources.  There are several scenarios where the Prudential/Harbor Funds would not pursue such an action following the Court's decision on the Rule 12(b)(6) motion.  If the motion is denied and the class action proceeds, the Prudential/Harbor Funds may determine that the class remedy is adequate.  Alternatively, if the Court grants the motion and dismisses the class action, the Prudential/Harbor Funds may determine that an individual action is not viable. For these reasons, if the Prudential/Harbor Funds were to file an individual complaint now, it would result in a "needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid."  *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 345 (1983).  By moving to intervene rather than filing an individual action, the Prudential/Harbor Funds are seeking to preserve judicial resources while protecting their individual rights.  *See In re Cypress Semiconductor Secs. Litig.*, 864 F. Supp. 957, 959 (N.D. Cal. 1994) ("The impetus for th[e *American Pipe*] rule stems from policy concerns of preserving plaintiffs' rights and preventing needless litigation."); *Aly v. Valeant Pharm. Int'l Inc.*, 1 F.4th 168, 169 (3d Cir. 2021) ("The doctrine is therefore intended to protect the rights of putative members while simultaneously avoiding needless identical lawsuits").

### 2.  The Motion to Intervene is Timely

The Prudential/Harbor Funds' motion is timely.  As a threshold matter, the Prudential/Harbor Funds bring this motion within the statute of repose applicable to all claims for all misstatements alleged in the Action.

The timeliness of a motion to intervene depends upon the consideration of three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002).  "The most important consideration in evaluating the timeliness of a motion

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

8

to intervene is whether any delay in moving for intervention may prejudice existing parties; as long as prejudice is not likely to result from the timing of the motion, courts interpret the timeliness requirement liberally." *In re JDS Uniphase Corp. Secs. Litig.*, 2005 WL 2562621, at *3 (N.D. Cal. Oct. 12, 2005) (citation omitted).

There is no prejudice to any of the existing parties if the Prudential/Harbor Funds are allowed to intervene for the limited purpose of preventing the expiration of their claims under the statute of repose. The Prudential/Harbor Funds are not seeking to become lead plaintiffs or other representative parties, nor do they wish to disrupt or interfere with the Action in any way. In fact, they expressly seek to retain the protections against discovery that apply to passive class members. *See, e.g.*, *DeLuca v. Farmers Ins. Exch.*, 2018 WL 11436065, at *2 (N.D. Cal. Dec. 21, 2018) (denying discovery of absent class members); *Aldapa v. Fowler Packing Co.*, 2016 WL 3361807, at *7 (E.D. Cal. June 16, 2016) (same). Such intervention will impose no additional burdens on the Court or the parties, and it will neither prolong nor delay the Action. *See Spangler*, 552 F.2d at 1329; *see also Envision*, ECF No. 315 (granting intervention for the same purpose "[b]ecause it does not appear that [Intervenor's] intervention would affect the original Parties in any way"). On the other hand, the Prudential/Harbor Funds would face significant prejudice if they are not permitted to intervene, as the Prudential/Harbor Funds' claims would be extinguished and they would be forced to file an individual complaint, causing the Prudential/Harbor Funds, the parties, and the Court to expend unnecessary resources.

The Prudential/Harbor Funds' motion is also timely because the Action remains at an early stage. A motion to dismiss is pending, no discovery has been taken, and no trial date has been set. *See, e.g.*, *Samsung Electronics Co., Ltd. v. Panasonic Corp.*, 2016 WL 11781870, at *3 (N.D. Cal. Sept. 26, 2016) ("[E]arly stage" of litigation favored intervention where motion to dismiss was pending and discovery had not yet commenced); *Winston v. United States*, 2015 WL 9474284, at *3 (N.D. Cal. Dec. 29, 2015) ("As discovery has yet to commence and no significant substantive rulings have been made, the case remains in the early stages of litigation. Thus, the proceedings have not advanced to the point where intervention is inappropriate."); *Low v. Altus Fin. S.A.*, 44 Fed. App'x 282, 284 (9th Cir. 2002) (finding intervention timely three years after the complaint

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

was filed because "the district court ha[d] made no factual findings, there ha[d] been no summary judgment proceedings, discovery [wa]s in its early stages with no set cut-off date, and there [wa]s no trial date"). Furthermore, soon after the Prudential/Harbor Funds realized that their rights could be impacted by the statute of repose curtailing or removing federal securities liability for the misstatements made by Defendants on March 10, 2021, they moved to intervene.

### 3. The Prudential/Harbor Funds' Claims Share Common Questions of Law and Fact With Those of the Class

The Prudential/Harbor Funds are members of the putative class, and therefore their claims necessarily share common questions of law and fact with those of the class. *See Sloan v. General Motors LLC*, 2020 WL 5517244, at *8 (N.D. Cal. Sep. 14, 2020) (class members "clearly share common questions of law and fact under Rule 24(b)(1)(B)"). The Prudential/Harbor Funds' federal securities claims arise out of the same misconduct, misrepresentations, and omissions alleged in the SAC. They satisfy all requirements for permissive intervention.

### <u>CONCLUSION</u>

For the foregoing reasons, the Prudential/Harbor Funds respectfully request that the Court grant this motion to allow them to intervene for the sole purpose of preserving their claims against the expiration of the statute of repose, with the Prudential/Harbor Funds otherwise remaining passive members of the putative class with all other associated rights.[3]

---

[3] The Prudential/Harbor Funds do not attach a pleading to this motion as typically required by Rule 24(c) due to the procedural posture of this intervention. That is no reason to deny the motion where the other requirements for intervention are satisfied. *See, e.g.*, *Beckman Indus., Inc.*, 966 F.2d at 474 ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."); *Su v. Siemens Indus., Inc.*, 2013 WL 3477202, at *2 (N.D. Cal. July 10, 2013) (permitting intervention without pleading where intervenor "described his interest in th[e] case sufficiently to provide notice to the Court and the parties"); *Dixon v. Cost Plus*, 2012 WL 2499931, at *6 (N.D. Cal. June 27, 2012) (same).

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

Dated:  March 9, 2026

THE LONG LAW FIRM, PLLC

By:    _/s/ James A. Long_
          James A. Long

ROLNICK KRAMER SADIGHI LLP
Michael J. Hampson (*pro hac vice*
application forthcoming)

*Attorneys for Plaintiffs The Prudential Insurance Company of America, Prudential World Fund, Inc., Prudential Investment Portfolios, Inc., Prudential Investment Portfolios 3, Prudential Jennison Blend Fund, Inc., Prudential Investment Portfolios 5, Prudential Investment Portfolios 12, The Prudential Series Fund, Advanced Series Trust, Prudential Trust Company, Harbor Capital Appreciation Fund, Harbor Capital Appreciation CIT, and Harbor Long-Term Growers ETF*

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

PRUDENTIAL/HARBOR FUNDS' LIMITED MOTION TO INTERVENE
Case No. 23-cv-06618-RS