BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELENA HADJIMICHAEL State Bar No. 355715
elena.hadjimichael@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Roblox Corporation,*
*David Baszucki, Michael Guthrie,*
*and Craig Donato*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEKALB COUNTY PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION, et al.,<br><br>Defendants. | Case No.: 3:23-cv-06618-RS<br><br>**DEFENDANTS' OPPOSITION TO PROPOSED INTERVENORS PRUDENTIAL/HARBOR FUNDS' LIMITED MOTION TO INTERVENE**<br><br>Date:       April 16, 2026<br>Time:       1:30 p.m.<br>Location:   Courtroom 3 – 17th Floor<br>Judge:      Hon. Richard Seeborg |

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

**TABLE OF CONTENTS**

Page

TABLE OF ABBREVIATIONS........................................................................................................ii

INTRODUCTION............................................................................................................................ 1

BACKGROUND.............................................................................................................................. 2

ARGUMENT................................................................................................................................... 2

   I. PRUDENTIAL'S MOTION IS UNTIMELY AND PROCEDURALLY DEFICIENT.... 2

   II. PRUDENTIAL'S MOTION CIRCUMVENTS SARBANES-OXLEY......................... 5

   III. INTERVENTION WOULD PREJUDICE DEFENDANTS......................................... 6

CONCLUSION................................................................................................................................ 7

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

## TABLE OF ABBREVIATIONS[1]

| Abbreviation | Meaning |
|---|---|
| ¶ or Complaint | Second Amended Class Action Complaint for Violations of the Federal Securities Laws (Apr. 17, 2025), Dkt. No. 74 |
| Defendants | David Baszucki, Craig Donato, Michael Guthrie, and Roblox Corporation |
| Mot. or Motion | Prudential/Harbor Funds' Limited Motion to Intervene and Memorandum of Points and Authorities in Support Thereof (Mar. 9, 2026), Dkt. No. 86 |
| Plaintiffs | Dekalb County Pension Fund |
| Prudential or Intervenors | The Prudential Insurance Company of America, Prudential World Fund, Inc., Prudential Investment Portfolios, Inc., Prudential Investment Portfolios 3, Prudential Jennison Blend Fund, Inc., Prudential Investment Portfolios 5, Prudential Investment Portfolios 12, The Prudential Series Fund, Advanced Series Trust, Prudential Trust Company, Harbor Capital Appreciation Fund, Harbor Capital Appreciation CIT, and Harbor Long-Term Growers ETF |
| Roblox or Company | Roblox Corporation |

---

[1] Herein, emphasis is added unless otherwise noted. Certain quotation marks, alteration marks, citations, and emphases have been omitted.

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

**INTRODUCTION**

Having waited until the last day of a five-year statutory repose period, would-be Intervenors petition the Court for a hedge against the outcome of the present securities class action. In doing so, Intervenors not only dispense with the requirements of Federal Rule of Civil Procedure 24, but propose a course of action that undermines the objectives of the federal Sarbanes-Oxley Act, and prejudices Defendants. This tardy request should be denied.

*Too little, too late.* The motion to intervene was filed on the last day of an exceedingly lengthy statutory period. Intervenors had *five* years in which to pursue their rights. The present action has been pending for more than two years: at any time, Intervenors could have filed their own lawsuit, or sought to intervene in a timely fashion. They did not participate in the statutorily-required lead plaintiff process (knowing that the in-and-out pattern of their trades would likely disqualify them as a lead plaintiff candidate). They did not intervene even after the Court's ruling on the first motion to dismiss. They did not intervene after Plaintiffs amended their complaint. Instead, they waited until the *last* day before the five-year anniversary of Roblox's public offering to file a perfunctory motion to intervene. The motion comes too late: to perfect their rights, Intervenors need to be joined to the lawsuit during the statutory period, not after its expiration. Having filed late, Intervenors also dispense with the requirements of Rule 24(c): no pleading accompanies their motion, leaving the Court and the parties to wonder what claims Intervenors seek to preserve, exactly.

*Intervention undermines Sarbanes-Oxley.* When Congress passed Sarbanes-Oxley, it extended the repose period for securities fraud from three to five years. That was a deliberate choice, favorable to claimants. But the longer period is a period of repose: after its expiration, claims may no longer be filed. The extension was balanced with the certainty and definitiveness of repose. But now, Intervenors propose to nibble at the edges of the statute of repose. As soon as that is accomplished, Intervenors will seek another accommodation, and another.[2]

*Late intervention prejudices Defendants.* Intervenors seek to obtain an "option" on the outcome of this lawsuit. If the Court dismisses the current complaint, Intervenors want a chance to

---

[2] *See generally* Laura Numeroff, *If You Give a Mouse a Cookie* (1985).

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

relitigate it. If the Court allows the lawsuit to proceed, Intervenors want an opportunity to opt out of a class-based recovery and try their own luck if they do not like the outcome. There was a time and a place for a timely way to perfect such rights. Doing it at this late stage undermines the certainty Congress required and judicial efficiency, which disfavors serial relitigation of claims. By contrast, if intervention is denied, Intervenors' path to recovery is not foreclosed: their fortunes rise and fall with those of other class members. They can even seek to take over the class and do better than the current lead plaintiffs. What Intervenors may not do, however, is offload the downside risk of their own strategic decisions on the Court and the existing parties.

## BACKGROUND

Plaintiffs initiated their putative class action more than two years ago, on November 27, 2023. This case has gone through three complaints. After the Court granted Defendants' previous motion to dismiss,[3] Plaintiffs filed a second amended complaint (the "Complaint"). Defendants' latest motion to dismiss is pending.[4] Prudential filed their Motion on March 9, 2026—a single day before the expiration of the statute of repose.

## ARGUMENT

### I.    PRUDENTIAL'S MOTION IS UNTIMELY AND PROCEDURALLY DEFICIENT

This Motion is untimely and should be denied on this basis alone. This deficiency is compounded by the fact that the Motion, which does not attach any proposed pleading, also fails to comply with the requirements imposed by the Federal Rules of Civil Procedure.

***Prudential did not timely intervene.*** The statute of repose affords federal securities plaintiffs a generous five-year period in which to bring their claims. 28 U.S.C. § 1658(b)(2) (a plaintiff may bring a claim "concerning the securities laws" no later than five years "after [the] violation" alleged). As a result, claims challenging the same statements at issue in this action—the earliest of which were made on March 10, 2021, *see, e.g.*, ¶¶ 146–184—had to be asserted within five years. *See* 28 U.S.C. § 1658(b)(2).[5] That deadline expired, recently, on **March 10, 2026**.

[3] *DeKalb v. Roblox Corp.*, 2025 WL 948124 (N.D. Cal. Mar. 28, 2025).
[4] *See* Dkt. Nos. 78, 80, 82.
[5] Prudential does not specify (or, indeed, appear to know, *see* Mot. at 4) what claims they would allege, including whether they would challenge any statements made later than March 10, 2021. Defendants therefore assume, based on the timing of the Motion and Prudential's own admissions,

-2-

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

Despite having ample time in which to do so, would-be intervenors Prudential failed to abide by this limit. They did not join the lead plaintiff contest on January 26, 2024 (at which time 774 days were left). They did not seek to intervene when the Court dismissed Plaintiffs' first amended complaint on March 8, 2025 (347 days left). Nor did they make any move over the next 11 months. *See Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 698 (6th Cir. 2021) (upholding denial of intervention as untimely where intervenors did not move for five months after they should have known their interests were not adequately represented). Instead, Prudential opted to file their Motion at the last conceivable moment: on **March 9, 2026**, one day before the repose period lapsed. This distinguishes the Motion from the eight successful intervention motions that Prudential claims were similarly timed. *See* Mot. at 2. Each was filed with, at minimum, dozens (some, hundreds) of days left[6] in the repose period:

- Motion to Intervene by Charles Schwab, *Boston Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-cv-02127 (D. Conn. Feb. 16, 2022), Dkt. No. 216 (70 days remaining);

- Motion to Intervene by Alger American, *Alexion*, No. 3:16-cv-02127 (D. Conn. July 28, 2021), Dkt. No. 164 (273 days remaining);

- Motion to Intervene by State of Wisconsin, *Ontario Tchrs.' Pension Plan Bd., v. Teva Pharm. Indus. Ltd.*, No. 3:17-cv-00558-SRU (D. Conn. Jan. 19, 2021), Dkt. No. 683 (390 days remaining);

- Motion to Intervene by Cref Investment Management, LLC, *Teva*, No. 3:17-cv-00558-SRU (D. Conn. Nov. 30, 2020), Dkt. No. 635 (440 days remaining);

- Motion to Intervene by Corvex Master Fund LP, *In re Envision Healthcare Corp. Sec. Litig.*, No. 3:17-cv-01112 (M.D. Tenn. Feb. 26, 2021), Dkt. No. 258 (558 days remaining);

- Motion to Intervene by Alger Funds, *In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-2395-JST (N.D. Cal. Apr. 25, 2023), Dkt. No. 135 (667 days remaining);

- Motion to Intervene by California State Teachers' Retirement System, *Teva*, No. 3:17-cv-00558-SRU (D. Conn. Sep. 23, 2019), Dkt. Nos. 282, 282-1 (1,104 days remaining);

- Motion to Intervene by Alger Funds, *In re Upstart Holdings, Inc. Sec. Litig.*, No. 2:22-cv-02935 (S.D. Ohio Nov. 8, 2023), Dkt. No. 76 (1,278 days remaining).

Contrary to their assertions, Mot. at 7–8, the fact that Prudential eked out a cursory intervention

_____

that the statute of repose was triggered on March 10, 2021. *See id.* at 1 (asserting Prudential was "in jeopardy of having their individual claims eliminated by the five-year statute of repose under the Exchange Act").

[6] Calculated based on the latest-in-time misstatement challenged in each case.

-3-

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

request on the very eve of the deadline does not make the Motion timely. *Cf. In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 904 (6th Cir. 2022) (district court "did not abuse its discretion" in deeming untimely an intervenor that "sat on its hands" and waited "until the last day of the [court-imposed] claim-submission deadline").

Instead, common sense dictates that the Motion needed to be filed with adequate time for Prudential to become a party *before* the repose period expired. That cannot be (and, in fact, was not) accomplished in a single day.[7] This is because intervention, in this District, is sought by noticed motion, with a hearing to be noticed at least 35 days after the date of filing. Civil L.R. 7-2(a). In accordance with these requirements, Prudential noticed this Motion for April 16, 2026. *See* Mot. at caption. Assuming that the Court were in a position to decide the Motion immediately, on the day of the hearing itself (given current judicial burdens, a very optimistic assumption), the earliest that Prudential's request could be granted is *one month and six days* after the repose period expired. The Motion was filed too late. *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 650 (2010) (repose statute provides "unqualified bar" on claims filed over five years after violation of Exchange Act).

Prudential's tardiness is particularly noteworthy given that they seek permissive intervention under Rule 24(b). *See* Mot. at 1, 4. Courts "analyze the timeliness element more strictly" in this context "than [they] do with intervention as of right" under Rule 24(a). *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997); *see, e.g.*, *Ret. Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, 315 F.R.D. 318, 324 (N.D. Cal. 2016) (denying motion for permissive intervention as untimely).[8]

***No required pleading attached.*** In addition to being untimely, the Motion also stalls at an initial procedural hurdle. It "must" be, yet was not, "accompanied by a pleading that sets out the

---

[7] The same principle can be observed in an analogous context: motions to compel filed on the cusp of discovery closing. Courts routinely dismiss such motions as untimely. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (denying motion to compel where plaintiffs waited until the final day of discovery to file); *EEOC v. Pioneer Hotel, Inc.*, 2014 WL 5045109, at *1 (D. Nev. Oct. 9, 2014) (denying motion to compel filed on the discovery cutoff).
[8] *Accord Raquedan v. Centerplate of Del. Inc.*, 376 F. Supp. 3d 1038, 1042 (N.D. Cal. 2019); *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002); *United States v. Washington*, 86 F.3d 1499, 1507 (9th Cir. 1996); *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).

-4-

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Prudential not only sought to bypass the statutory five-year limit—they attempted to do so without setting out so much as a single allegation. Courts frequently deny motions that flout this procedural rule. *See, e.g.*, *In re Cathode Ray Tube Antitrust Litig.*, 2019 WL 13177740, at *2 (N.D. Cal. Oct. 17, 2019); *Buffin v. City & Cnty. of San Francisco*, 2016 WL 6025486, at *13 (N.D. Cal. Oct. 14, 2016); *Kremen v. Cohen*, 2012 WL 2919332, at *9 (N.D. Cal. July 17, 2012).

## II.    PRUDENTIAL'S MOTION CIRCUMVENTS SARBANES-OXLEY

In 2002, the Sarbanes-Oxley Act extended the statute of repose for securities claims from three years to five. *See* 28 U.S.C. § 1658(b)(2); S. Rep. No. 107-146, at 8 (2002). By filing their Motion at the eleventh hour, Prudential seeks to append at least a month—and potentially far longer—to this already-lengthened statutory period of repose. *See supra* at 1; *infra* at 6. The Motion contravenes Sarbanes-Oxley and, if granted, would give others a path to do so as well.

As the Motion demonstrates, Prudential has little care for the period of repose selected by Congress or for the thoughtful legislative balancing that Sarbanes-Oxley reflects. *See* S. Rep. No. 107-146, at 17 (2002). By filing their motion just as the statute of repose is about to run, Prudential asks the Court to revisit what Congress has already considered: having weighed the relevant interests, Congress determined that five years was the appropriate window for potential securities plaintiffs to bring claims. Evidently, Prudential prefers to substitute their own judgment and urges the Court to do the same. *See* Mot. at 2 (insisting that intervention at this stage is the proper remedy for preserving their claims from expiration). But this is not how statutes of repose work. They are neither optional nor stretchy. *See Nat'l Credit Union Admin. Bd. v. RBS Sec., Inc.*, 833 F.3d 1125, 1129 (9th Cir. 2016) ("A statute of repose is therefore equivalent to a *cutoff*, in essence an absolute bar on a defendant's temporal liability."). Their very purpose is to "effect a legislative judgment that a defendant should be free from liability after a legislatively determined amount of time." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014).

If Prudential's approach were sanctioned, similar motions would become de rigeur, eroding the protections inherent to a statute of repose. Given the option to daisy chain several weeks, months, or even a period of indefinite duration to the end of the repose period, no prospective

-5-

litigant would feel bound by the five-year deadline. Instead, opportunistic intervenors would flood the courts on the last day of the period as a matter of course—not only in securities cases, but in any class action. This practice would be all the more attractive if intervenors could, like Prudential, file last-minute motions essentially costlessly by declining to attach a pleading, Rule 24(c) notwithstanding. *See supra* at 4. Meanwhile, defendants would be forced to contend with the risk of dormant lawsuits reanimating long after such claims were supposed to be put to bed. *EEOC v. CRST Van Expedited, Inc.*, 615 F. Supp. 2d 867, 878 (N.D. Iowa 2009) (remarking that it would "destroy all principles of repose" if employers were "force[d] . . . to defend against zombie-like claims from the distant past"). This is exactly the opposite of the certainty that a statute of repose is intended to provide. *See Bennett v. United States*, 44 F.4th 929, 935 (9th Cir. 2022) ("statute of repose . . . puts an outer limit on the right to bring a civil action").[9]

### III.    INTERVENTION WOULD PREJUDICE DEFENDANTS

Even if the Motion were timely, procedurally sound, and consonant with the boundaries established by Sarbanes-Oxley (though it is none of these things), intervention would still be inappropriate here.

While Rule 24(a) grants a right to intervene as long as certain conditions are satisfied, "permissive intervention under Rule 24(b)" is entirely at the Court's "discretion." *Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005); *see* Fed. R. Civ. P. 24(b). "Even if an applicant satisfies [the] threshold requirements, the district court" nevertheless retains "discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In assessing a motion for permissive intervention, a court "must consider whether intervention will unduly delay the main action or will unfairly prejudice existing parties." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021). Here, it would accomplish both.

Prudential's intervention at this stage—after 28 months of vigorous litigation by the existing parties have already elapsed—would result in acute prejudice to Defendants.

---

[9] This is particularly backwards given that, unlike statutes of limitation, statutes of repose do not permit equitable tolling. *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 199–200 (3d Cir. 2007) ("Statutes of repose pursue similar goals as do statutes of limitations (protecting defendants from defending against stale claims), but strike a stronger defendant-friendly balance.").

-6-

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

Intervention would enable Prudential, who could have filed their own lawsuit or intervened at any point over the last five years, to keep their options open depending on the outcome of the class action, without having done any legwork. *See* Mot. at 2 (admitting that Prudential is "not yet in a position to determine whether they should file an individual action because they do not know at this early stage whether their individual claims are viable or the class remedy is adequate"). Such flexibility would come at the expense of the Court (requiring serial litigation of similar issues) and of Defendants (exposing them to unspecified claims for an indefinite length of time). *Cf. Perkins v. Staskiewicz*, 2008 WL 4107655, at *4 (M.D. Pa. Aug. 28, 2008) ("cavalier attitude towards the deadlines" and "eleventh hour" lawsuit prejudiced the defendant who would otherwise be free from claims barred by statute of repose). If the Court were to grant Defendants' pending motion to dismiss, Prudential would be able to file a new complaint and simply try again, launching yet another round of motion to dismiss briefing. If the Court were instead to deny Defendants' motion to dismiss, Prudential could simply opt out of the class and relitigate key issues on an individual basis. In either scenario, the "repose" aspect of the statute would be rendered meaningless.

For the same reasons, intervention would also undercut "judicial economy," a central "relevant consideration in deciding a motion for permissive intervention." *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989) ("Rule 24(b) necessarily vests discretion in the district court to determine the fairest and most efficient method of handling a case."). Prudential's intervention, which would delay long-running proceedings, would "only serve to undermine the efficiency of the litigation process." *Donnelly*, 159 F.3d at 412 (denying motion to intervene that would "only serve to undermine the efficiency of the litigation process"). This warrants denial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should deny the Motion or, in the alternative, condition intervention on Prudential's entry into an agreement to be bound by the outcome of the motion to dismiss, to mitigate the risk of serial relitigation.

-7-

DEFS' OPP. TO MOT. TO INTERVENE
CASE NO. 3:23-cv-06618-RS

Dated: March 23, 2026

FRESHFIELDS US LLP

By: /s/ Boris Feldman
      Boris Feldman

*Attorneys for Defendants*

-8-