ROLNICK KRAMER SADIGHI LLP
Michael J. Hampson (*pro hac vice*)
mhampson@rksllp.com
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 597-2800

THE LONG LAW FIRM, PLLC
James A. Long (Bar No. 326404)
jlong@long.law
1401 21st Street, Suite 5081
Sacramento, CA 95811
Telephone: (315) 991-8000

*Attorneys for the Prudential/Harbor Funds (see signature block)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DEKALB COUNTY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION, et al.,<br><br>Defendants. | Case No. 3:23-cv-06618-RS<br><br>**PRUDENTIAL/HARBOR FUNDS'**<br>**REPLY IN SUPORT OF**<br>**LIMITED MOTION TO INTERVENE**<br><br>**Hearing Information:**<br>Date:  April 16, 2026<br>Time:  1:30 p.m. (Pacific Time)<br>Place:  Courtroom 3 (17th Floor)<br>Judge:  Hon. Richard Seeborg |

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

i

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

      I.     Defendants Inexplicably Ignore the Supreme Court Case on Which This Motion Is Based ........................................................................................................ 2

      II.    Defendants Fail to Distinguish Cases Granting The Precise Relief Requested Here .................................................................................................................................. 3

      III.   The Court Should Reject Defendants' Request to Shorten the Statute of Repose by Judicial Fiat ............................................................................................................ 6

      IV.   Defendants Have Not Articulated Any Actual Prejudice They Would Suffer from the Requested Relief .......................................................................................... 7

CONCLUSION ............................................................................................................................ 8

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*California Public Employees' Retirement System v. ANZ Securities, Inc.*,
    582 U.S. 497 (2017)........................................................................................ passim

*In re Envision Healthcare Corp. Sec. Litig.*,
    2021 WL 12399800 (M.D. Tenn. July 1, 2021) ...................................................... 3, 6

*In re Hanford Nuclear Rsrv. Litig.*,
    534 F.3d 986 (9th Cir. 2008) ........................................................................... 5

*In re Teva Sec. Litig.*,
    512 F. Supp. 3d 321 (D. Conn. 2021)............................................................... 4, 6

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013) ............................................................................... 3

*Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*,
    413 F.3d 553 (6th Cir. 2005) ........................................................................... 5

**Statutes**

28 U.S.C. § 1658(b)(2) ........................................................................................ 4, 6

**Rules**

Fed. R. Civ. P. 26................................................................................................. 6

1

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

The Prudential/Harbor Funds[1] respectfully submit this Reply in Support of Their Limited Motion to Intervene (the "Motion").

**INTRODUCTION**

Despite conceding that the Prudential/Harbor Funds have filed their intervention motion within the repose period and despite not being able to articulate any actual prejudice they would suffer from the Court granting the requested relief, Defendants have elected to oppose the Motion. In doing so, they remarkably ignore the United States Supreme Court precedent on which the Motion is based. Rather than addressing the Supreme Court's ruling in *California Public Employees' Retirement System v. ANZ Securities, Inc.*, 582 U.S. 497 (2017) ("*CalPERS*"), Defendants rely on inapposite caselaw or, in one instance, a children's book.[2] In *CalPERS*, the Supreme Court described the intervention route being pursued here as "simple" and suggested that it could be granted as a matter of course and without the expenditure of significant judicial or party resources. Defendants' failure to even attempt to argue that this Court should not follow the Supreme Court's guidance—like every other single district court to consider the issue has done— is fatal to their opposition.

Although Defendants attempt to distinguish the district court cases that have uniformly applied *CalPERS* to award the exact relief requested here—including by Judge Tigar in this District—they engage in a sleight of hand that is highly misleading. Specifically, Defendants compare (i) the timing of the intervention filing in those cases against the repose period measured from the *last* misstatement with (ii) the timing of the intervention filing here against the repose period measured from the *first* misstatement. By mixing different repose periods, Defendants try to portray the Prudential/Harbor Funds' Motion as tardy. However, an actual apples-to-apples comparison shows that the Prudential/Harbor Funds have filed their intervention motion *at an even*

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Prudential/Harbor Funds' Memorandum of Points and Authorities in support of their Limited Motion to Intervene (Mar. 9, 2026), Dkt. No. 86 ("Mot."). Citations to "Opp." are to Defendants' Opposition to Prudential/Harbor Funds' Limited Motion to Intervene (Mar. 23, 2026), Dkt. No. 91.

[2] *See* Opp. at 1 n.2 (citing Laura Numeroff, *If You Give a Mouse a Cookie* (1985)).

2

*earlier stage* than in most of the other cases applying *CalPERS*. This Court should reject Defendants' sophistry.

Not only do they ignore *CalPERS* and mischaracterize the cases applying it, but Defendants also take the extraordinary position that an intervention motion filed within the repose period must also be *decided* within the repose period. That is not and cannot be the law, as it would shorten the statutory repose period based on an indiscernible event that is completely out of the movant's control. It also would be unfair to the courts, as it would leave overburdened judges having to expedite decisions on motions in order avoid substantive claims being eliminated. That is exactly what the Supreme Court was trying to avoid in sanctioning the intervention procedure in *CalPERS*. Furthermore, even if Defendants were right—and they are not—they also overlook that the statute of repose in this case does not run on the last misstatement asserted in the SAC until November 9, 2026, which is still many months away.

Ultimately, Defendants' Opposition boils down to requesting that the Court shorten the statutorily prescribed repose period by ignoring Supreme Court guidance and based on unsubstantiated claims of prejudice and gamesmanship. That is no basis at all to deny the limited and proper relief requested by the Prudential/Harbor Funds.

<u>**ARGUMENT**</u>

**I. Defendants Inexplicably Ignore the Supreme Court Case on Which This Motion Is Based**

In *CalPERS*, the Supreme Court was asked to address whether the equitable "class action tolling doctrine" applies to a statute of repose in the federal securities laws. 582 U.S. at 504. That is, although it is established that the filing of a class action tolls the applicable statute of limitations for all putative members of a federal securities fraud class, does it also toll the corresponding statute of repose? *See id.* at 504-05. The Supreme Court held that the filing of a class action does not toll the statutes of repose contained in the federal securities laws. *Id.* at 510-11.

The petitioners in *CalPERS*—who were advocating for class-action tolling to apply to the statute of repose—argued that the Court's holding would tax judicial resources by causing putative class members to "inundate district courts with protective filings." *Id.* at 513. The majority

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

responded by noting that even accepting the petitioners' premise, there are simpler methods of protecting individual rights short of filing an entirely new complaint in a separate action. *Id.* Specifically, "[a] simple motion to intervene . . . may well suffice." *Id.*; *see also Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013) (holding that putative class members could have prevented running of statute of repose "simply by making timely motions to intervene in the action").

Since *CalPERS*, several putative securities class action members have sought to prevent their individual claims being extinguished by the running of the statute of repose before class certification by filing limited intervention motions. Every district court to have considered such a motion has granted it, precisely because of the guidance provided by the Supreme Court in *CalPERS*. (*See* Mot. at 5-6.) Indeed, as one district court noted in doing so, "[f]or those class members concerned about their right to litigate on an individual basis, the [Supreme] Court suggested that 'a simple motion to intervene . . . may well suffice' to protect class members' right to litigate their individual claims." *In re Envision Healthcare Corp. Sec. Litig.*, 2021 WL 12399800, at *2 (M.D. Tenn. July 1, 2021) (quoting *CalPERS*).

Astoundingly, Defendants never mention *CalPERS*—let alone attempt to distinguish it. Their failure to do so dooms their Opposition. The Supreme Court in *CalPERS*—a securities fraud case addressing the applicable statute of repose—provided guidance to putative class members who face an expiring statute of repose before class certification. That guidance included filing a limited motion to intervene to stop the running of the statute of repose without having to file a separate lawsuit. Allowing putative class members to do so preserves judicial and party resources by avoiding the prophylactic filing of many separate individual actions and complaints. By entirely ignoring *CalPERS*, Defendants fail to provide this Court with any reason why it should not grant the Motion based on the Supreme Court's guidance.

## II. Defendants Fail to Distinguish Cases Granting The Precise Relief Requested Here

District courts in eight other instances—including Judge Tigar in this District—have considered limited intervention motions under the same circumstances presented here, and all eight have granted the motion. (*See* Mot. at 5-6.) Faced with this mountain of persuasive authority for

4

this Court to follow, Defendants engage in a deeply misleading sleight of hand. Specifically, they claim that the intervenors in those cases filed their motion "at minimum, dozens (some hundreds) of days left in the repose period" whereas, here, the Motion supposedly was filed "at the last conceivable moment." (Opp. at 3.) However, the flaw in Defendants' reasoning is that they use the date of the *last* misstatement in the other cases to measure compliance, but use the date of the *first* misstatement here. (*Id.* at 3 n.6.) When this apples-to-oranges comparison is corrected, Defendants' argument falls apart.

The Exchange Act contains a five-year statute of repose that runs from the date of the alleged misstatement. *See* 28 U.S.C. § 1658(b)(2). Thus, when a defendant makes more than one misstatement and does so on different dates, it creates multiple repose periods. *See In re Teva Sec. Litig.*, 512 F. Supp. 3d 321, 335 (D. Conn. 2021). In such circumstances, the five-year repose period on the first-in-time misstatement will expire before the five-year repose period on the last-in-time misstatement.[3]

In the case at bar, the first alleged misstatement was made on March 10, 2021, but the last alleged misstatement was not made until November 9, 2021. *See* Dkt. No. 74 ¶¶ 293-94, 357. Thus, while the repose period on a claim under the Exchange Act based solely on the first alleged misstatement may have expired on March 10, 2026, the repose period on the last alleged misstatement cannot expire until at least November 9, 2026. This Motion was filed before the expiration of any repose period.

Correcting Defendants' trickery—and using the date of the first misstatement for all cases—demonstrates that this Motion was filed *at an even earlier stage* (in some cases, by a number of years) than the majority of the motions that were granted in the other post-*CalPERS*

---

[3] This assumes that the "continuing violations" theory does not apply. Under that theory, "when a plaintiff alleges that a defendant violated Section 10(b) through a series of misstatements and omissions, the [r]epose [c]lock begins running only at the last alleged misstatement or omission." *Teva*, 512 F. Supp. 3d at 331. Although several courts have endorsed the continuing violations theory, *see id.* at 333 n.16, it has not yet been addressed by the Ninth Circuit in the context of the Exchange Act's statute of repose. If the continuing violations theory were applicable, the statute of repose in this case would not run on any misstatement alleged in the SAC until November 9, 2026.

PRUDENTIAL/HARBOR FUNDS' REPLY ISO LIMITED MOTION TO INTERVENE
Case No. 3:23-cv-06618-RS

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

5

intervention cases.  The following text corrects page 3 of Defendants' Opposition, using an apples-to-apples comparison:

- Motion to Intervene by Charles Schwab, *Boston Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-cv-02127 (D. Conn. Feb. 16, 2022), Dkt. No. 216 (~~70 days remaining~~ <u>filed 1114 days ***after*** expiration of statute of repose on first misstatement</u>);

- Motion to Intervene by Alger American, *Alexion*, No. 3:16-cv-02127 (D. Conn. July 28, 2021), Dkt. No. 164 (~~273 days remaining~~ <u>filed 1276 days ***after*** expiration of statute of repose on first misstatement</u>);

- Motion to Intervene by State of Wisconsin, *Ontario Tchrs.' Pension Plan Bd., v. Teva Pharm. Indus. Ltd.*, No. 3:17-cv-00558-SRU (D. Conn. Jan. 19, 2021), Dkt. No. 683 (~~390 days remaining~~ <u>filed 713 days ***after*** expiration of statute of repose on first misstatement</u>);

- Motion to Intervene by Cref Investment Management, LLC, *Teva*, No. 3:17-cv-00558-SRU (D. Conn. Nov. 30, 2020), Dkt. No. 635 (~~440 days remaining~~ <u>filed 663 days ***after*** expiration of statute of repose on first misstatement</u>);

- Motion to Intervene by Corvex Master Fund LP, *In re Envision Healthcare Corp. Sec. Litig.*, No. 3:17-cv-01112 (M.D. Tenn. Feb. 26, 2021), Dkt. No. 258 (~~558 days remaining~~ <u>filed 755 days ***after*** expiration of statute of repose on first misstatement</u>);

- Motion to Intervene by Alger Funds, *In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-2395-JST (N.D. Cal. Apr. 25, 2023), Dkt. No. 135 (~~667 days remaining~~ <u>1 day remaining</u>);

- Motion to Intervene by Alger Funds, *In re Upstart Holdings, Inc. Sec. Litig.*, No. 2:22-cv-02935 (S.D. Ohio Nov. 8, 2023), Dkt. No. 76 (~~1,278 days remaining~~ <u>763 days remaining</u>).[4]

Conducting a similar apples-to-apples comparison using the repose period for the last misstatement in all cases demonstrates that there is no distinction between this case and the other intervention cases.  This Motion was filed with 246 days remaining on the statute of repose on the last misstatement pled in the SAC.

Under either scenario—whether using the date of the first misstatement or the date of the last misstatement across all cases—Defendants' sophistry fails.  As does their attempt to portray the Prudential/Harbor Funds as dilatory.  To the contrary, this Motion was filed (on a relative basis)

---

[4] In most federal circuits, including the Ninth Circuit, class-action tolling of the two-year statute of limitations applies to individual actions filed before or after the class certification decision.  *See In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008).  In the Sixth Circuit, however, when a putative class member asserts an individual claim prior to the court's decision on class certification, it forfeits class-action tolling.  *See Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568-69 (6th Cir. 2005).  Thus, in district court cases in the Sixth Circuit, litigants are forced to file these intervention motions within two years of the fraud being revealed (if the class action has not yet reached the certification stage), which explains the early filing in *Upstart*.

PRUDENTIAL/HARBOR FUNDS' REPLY ISO LIMITED MOTION TO INTERVENE
Case No. 3:23-cv-06618-RS

either much earlier (using the first misstatement) or around the same time (using the last misstatement) as the majority of the prior successful limited intervention motions.

### III. The Court Should Reject Defendants' Request to Shorten the Statute of Repose by Judicial Fiat

Acknowledging—as they must—that this Motion was filed before the expiration of any possible repose period, Defendants take the extraordinary position that the filing of the intervention motion alone is insufficient; instead, Defendants contend that the intervention motion must be *decided by the Court* within the repose period. (Opp. at 4.) Defendants are in effect asking this Court to shorten the statutorily prescribed five-year repose period by the amount of time it will take the Court to decide the motion to intervene. Defendants' novel theory is not only unsupported by statute or precedent, but also would result in unfairness to both the parties and the Court.

The Prudential/Harbor Funds are not aware of any court—and Defendants have not cited any case—that has measured the timeliness of a post-*CalPERS* intervention motion in a securities class action based on the date when the intervention motion was decided. In each of the eight cases that have previously addressed such a motion, the court used the date of the filing of the intervention motion to measure its timeliness. *See, e.g.*, *Envision*, 2021 WL 12399800, at *3.

Defendants' reliance on a district court's power to reject motions to compel filed at the end of discovery as an analog for their argument on repose is misplaced. (*See* Opp. at 4 n.7.) The Federal Rules of Civil Procedure grant district courts broad discretion to manage discovery and to set case management schedules. *See generally* Fed. R. Civ. P. 26. Thus, courts have discretion to dismiss as untimely motions to compel brought at the very end of discovery. However, courts do not have similar discretion to shorten statutes of repose unless permitted by the statutory language itself. *See CalPERS*, 582 U.S. at 507-08. Indeed, Defendants themselves concede as such, even though they fail to cite *CalPERS*. (*See* Opp. at 5.)

The statute of repose here expressly refers to when an action is "brought," not when it is decided. 28 U.S.C. § 1658(b)(2). That is why courts use the date of filing to measure compliance with the Exchange Act's five-year repose period, not some other yet-to-be-determined date. *See, e.g.*, *Teva*, 512 F. Supp. 3d at 330 ("At issue is whether the Repose Plaintiffs' Section 10(b) claims,

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

to the extent that they are based on misstatements or omissions that occurred more than five years before the Repose Plaintiffs filed their complaints, should be dismissed."). Defendants present no authority countenancing against this Court doing the same with respect to this Motion.

Measuring repose compliance based on the time an intervention motion is decided rather than filed would inject uncertainty into the repose calculation, which was expressly rejected by the Supreme Court in *CalPERS* as contrary to the purpose of such a statute. *See* 582 U.S. at 507-08. It also would be fundamentally unfair to both the parties and the judiciary. Putative class members would be required to file their motions far in advance of the expiration of the statute of repose in order to give courts sufficient time to resolve the motions. If the class were nearing the certification decision, requiring earlier-than-necessary motions would waste resources and result in the filing of motions that might never have been filed otherwise. And courts might have to prioritize deciding intervention motions to avoid the elimination of injured investors' substantive rights. This kind of impractical outcome is exactly what the Supreme Court in *CalPERS* was seeking to avoid. Defendants' request for the Court to shorten the repose period—by changing the relevant measurement point from the date of filing to the date of decision—should therefore be rejected.[5]

## IV. Defendants Have Not Articulated Any Actual Prejudice They Would Suffer from the Requested Relief

Defendants appear to misunderstand what the Prudential/Harbor Funds are seeking to achieve through intervention. The Prudential/Harbor Funds merely are preserving their individual claims from elimination by the running of the statute of repose while remaining as passive class members prior to class certification. They are not seeking to become active litigants in the Action, nor do they wish to disrupt or interfere with the Action in any way. Granting intervention will impose no additional burdens on the Court or the parties, and it will neither prolong nor delay the Action.

---

[5] Defendants' throwaway argument that the Motion does not technically comply with Rule 24 because it does not attach a pleading misses the mark. (*See* Opp. at 4-5.) As explained in the Motion, the Ninth Circuit does not require that a pleading be attached where—as here—the district court is otherwise apprised of the grounds for the motion and the intervening party's interest in the case. (Mot. at 9 n.3.)

8

The parade of horribles that Defendants trot out is illusory. (*See* Opp. at 6-7.) There are several scenarios where the Prudential/Harbor Funds would not pursue individual action following the Court's decision on class certification. The Prudential/Harbor Funds may determine that the class remedy is adequate. Alternatively, if the Court grants the pending motion to dismiss the SAC, the Prudential/Harbor Funds may determine that an individual action is not viable. Rather than being some nefarious tactical move to gain an advantage, as Defendants speculate, the Prudential/Harbor Funds are following the guidance of the Supreme Court in *CalPERS*, which Defendants ignore. In doing so, the Prudential/Harbor Funds are seeking to create efficiencies and preserve resources, not the other way round.

In fact, it is Defendants who are suggesting an approach that flies in the face of judicial economy. Under Defendants' view of the world, the motion should be denied and the Prudential/Harbor Funds—as well as any other putative class members seeking to preserve their claims—should file their own separate actions and complaints. That is the antithesis of the simple relief the Supreme Court was contemplating when it provided its guidance in *CalPERS*.

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in the Motion, the Prudential/Harbor Funds respectfully request that the Court grant their Motion and allow them to intervene for the sole purpose of preserving their claims against the expiration of the statute of repose, with the Prudential/Harbor Funds otherwise remaining passive members of the putative class with all other associated rights.

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

Dated:  March 30, 2026

Respectfully submitted,

**ROLNICK KRAMER SADIGHI LLP**

By:      */s/ Michael J. Hampson*

Michael J. Hampson (*pro hac vice*)
mhampson@rksllp.com
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 597-2800

THE LONG LAW FIRM, PLLC
James A. Long (Bar No. 326404)
jlong@long.law
1401 21st Street, Suite 5081
Sacramento, CA 95811
Telephone: (315) 991-8000

*Attorneys for Plaintiffs The Prudential Insurance Company of America, Prudential World Fund, Inc., Prudential Investment Portfolios, Inc., Prudential Investment Portfolios 3, Prudential Jennison Blend Fund, Inc., Prudential Investment Portfolios 5, Prudential Investment Portfolios 12, The Prudential Series Fund, Advanced Series Trust, Prudential Trust Company, Harbor Capital Appreciation Fund, Harbor Capital Appreciation CIT, and Harbor Long-Term Growers ETF*

ROLNICK KRAMER SADIGHI LLP
PENN 1, SUITE 3401
ONE PENNSYLVANIA PLAZA
NEW YORK, NY 10119

PRUDENTIAL/HARBOR FUNDS' REPLY ISO LIMITED MOTION TO INTERVENE
Case No. 3:23-cv-06618-RS